HENRY TUCKER BY NEXT FRIEND, v. NATIONAL LOAN AND
INVESTMENT COMPANY.

Decided April 13, 1904.

**1.—Minor—Experience—Assumed Risk.**

Where a minor has the same experience and knowledge as an adult he is held to assume the ordinary risks which he understands, and a master employing such minor is not required to warn him any more than an adult of dangers which he could ascertain by the ordinarily careful use of such knowledge and experience as he possesses.

**2.—Same—Farm Hand—Assumed Risk.**

An experienced farm hand, though a minor, is held to have assumed risks incident to loading sheaf oats on a wagon frame and riding thereon over a road well known to him, and can not recover for injuries sustained by the oats sliding and causing him to fall.

**3.—Charge—Immaterial Error.**

Where the evidence is sufficient to have justified a peremptory instruction the question of error in charges given become immaterial and will not be considered. ·

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

*S. C. Padelford,* for appellant.

*O. T. Plummer* and *Pruitt & Smith,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages prosecuted by Andrew Tucker, as the father and natural guardian of Henry Tucker, a minor. It was alleged that Henry Tucker was employed as a farm hand on the farm and ranch of appellee, in Johnson County, and that he was a minor and inexperienced in handling and hauling oats; that in June, 1902, appellee ordered Henry Tucker, in connection with another boy, to load certain oats on a wagon and haul them from the field to the barn; that a certain wagon was furnished for the purpose, and in pursuance of the order the oats were loaded upon the wagon and Henry Tucker took his seat on the oats, and while engaged in driving the wagon over a rough place the oats slipped and Henry Tucker was precipitated to the ground, receiving the injuries on account of which the damages were sought. It was alleged that the oats slipped off by reason of the defective condition of the wagon, and that the minor had not been warned of the danger attending the work. Appellee answered by pleas of general denial and contributory negligence on the part of Henry Tucker.

The evidence showed that Henry Tucker was between 19 and 20 years of age, that he was employed by appellee to do general farm work. Henry Tucker had been working on farms for six years at the time he was hurt and was well acquainted with farm work. He had worked a great deal with oats and wheat. He testified: "I know how to load sheaf oats on a wagon; I would risk my judgment on it. I would load them just like any other man that knows how." He knew the road

over which the oats had to be hauled. He, in company with another boy, was ordered to haul about seventy-five bundles of oats from the field to the barn. Henry Tucker placed the oats on the wagon, as he swore, "just like anybody else would; put a tier in the middle." The load was two or three feet above the wagon frame when completed. The oats were not tied on the wagon, because Henry Tucker did not think it was needed. He testified: "I was familiar with the road we had to go over with the oats; had been over it several times. I knew the slippery character of sheaf oats, though I do not think them more slippery than wheat. I knew that if the bundles were not supported they would fall. I knew it would be dangerous to haul them on a baled hay frame if they were loaded too high, but did not think there was any danger in hauling upon the hay frame the quantity we put on at that time." It was shown that a hay frame is not suitable for hauling large quantities of sheaf oats, but it would not be dangerous to haul the quantity of sheaf oats on that kind of frame that was hauled by the boys. Appellee's manager told Henry Tucker and another boy on the morning of the accident to haul the remnant of hay to the barn and then to haul the sheaf oats and potatoes to the barn. After the oats had been placed on the hay frame Henry Tucker got on the oats nearest to the mules and started to drive to the barn, and when they were crossing the railroad and just as the front wheels got over the second rail, the bundles of oats on which Henry was sitting slipped and he fell on the tongue. Only two or three bundles slipped, and Henry stated, "I could have fallen off of that wagon without a single bundle falling off." The boy who accompanied Henry Tucker was the son of appellee's manager. Henry Tucker was experienced in all kinds of farm work. He had been using a rope in hauling hay, to tie it on, and knew where it was. Henry Tucker was flatly contradicted by the other boy as to the manner in which he was hurt, but we have taken the account of the matter given by the former in the consideration of the case.

It is the general rule that a servant is charged with knowledge of the ordinary perils incident to and ordinarily attending his master's service, and will be presumed to have assumed such risks when he enters such service, and it is a conclusion of the law, fixed and peremptory, that he can not recover for an injury which resulted from a risk of that description, unless the evidence fairly tends to show that the injured person, on account of his youth or inexperience, could not be charged with having comprehended the risk attending his employment. The rule in regard to minors proceeds upon the theory that they are usually less capable of understanding the dangers connected with their employment and of avoiding those dangers of which they may be apprised, than the adult. It rests upon the same basis as inexperience in an adult, the difference being that the law will presume, in the absence of proof to the contrary, that the minor did not appreciate and assume the ordinary risks of his employment, unless they are so obvious that anyone must be held to know them, while in the case of the adult, his

knowledge of ordinary risks will be presumed in the absence of testimony showing that, from inexperience or ignorance, he was not chargeable with a knowledge of them. Where it is shown, however, that an injured minor has the experience and the knowledge of an adult he must have applied to his actions the same rules that are applicable to the adult. In other words the minor is held to assume the risks which he understands.

When the master employs a minor he must take notice of the probability that he is not as well qualified to appreciate the risks attending his work and using the proper means of guarding against them as the adult, and this duty rests upon him of warning the minor of the dangers attending the service. The master, however, is not required to instruct and warn a minor of intelligence and experience, any more than an adult, as to the dangers which are readily ascertainable by the ordinarily careful use of such knowledge, experience and judgment as he possesses. Texas & P. Ry. Co. v. Carlton, 60 Texas, 397; Gulf C. & S. F. Ry. Co. v. Jones, 76 Texas, 351.

The facts in this case, that were presented by the injured party, establish a clear case in favor of appellee. It can not be and is not denied by Henry Tucker that he was an experienced farm hand and especially understood the handling of wheat and oats in the sheaf. This was known to the manager of appellee, and there was no call for any instructions or warning. The minor knew as much about the work as the manager. If there was any danger in loading the oats and sitting on them as he did, he knew it as well as his employer. Anyone with ordinary intelligence, it would seem, should know that bundles of oats laid on a wagon frame would likely be jostled or jarred out of place by driving the wagon over the rails of a railroad track, and such being the case no cause of action was shown. As said in Crown v. Orr (N. Y.), 35 N. E. Rep., 648, where a boy 19 years of age was injured: "The servant when he enters into the relation assumes not only all the risks incident to such employment, but all dangers which are obvious and apparent. The law imposes upon him the duty of self-protection, and always assumes that this instinct so deeply rooted in human nature will guard him against all risks and dangers incident to the employment or arising in the course of the business of which he has knowledge, or the means of knowledge. This principle applies to plaintiff, though he was not at the time of full age. Like any other servant he took upon himself the ordinary risks of the service, and all dangers from the use of machinery which were known to him, or obvious to persons of ordinary intelligence. He is bound to take notice of the ordinary operation of familiar laws, and to govern himself accordingly, and if he fails to do so, the risk is his own." Henry Tucker loaded the oats on the wagon and did it, as he said, as any other man would have done. He knew the sheafs were liable to slip. He seated himself on the sheafs and drove along the road and over a railway crossing with which he was well acquainted. The court would have

been justified in instructing a verdict for appellee, and it follows that although errors may have been committed in giving and refusing charges, they become immaterial and need not be considered.

The judgment is affirmed.

*Affirmed.*