BERING MFG. CO. v. SEDITA et al.
(No. 466.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 15, 1919. Rehearing Denied Nov. 26, 1919.)

1. MASTER AND SERVANT ⬳286(8) — CUSTOM AS TO GUARDING MACHINE QUESTION FOR JURY.

Where the proof showed that a sander machine, without cover over the rollers in which employé's hand was caught, was the only character of sander machine then built, that a similar machine was used by others in the same business, and that no machine was protected by a screen over the rollers, there was no inference of negligence in failure to have screen, and submission of question of such negligence to jury was error.

2. MASTER AND SERVANT ⬳91—EMPLOYMENT OF INEXPERIENCED EMPLOYÉ ON MACHINE WITHOUT GUARDS.

Employer was not negligent in permitting boy almost 16 years of age, who had never before worked about machinery, to work as offbearer at sander machine with duty of taking boards out of machine after they had passed between unguarded rollers, where he was not required to put his hand closer than 12 inches to rollers and where he realized the danger of getting hand between rollers.

3. MASTER AND SERVANT ⬳356 — ASSUMED RISK NOT AVAILABLE.

Defense of assumed risk is not available to employer who was not a subscriber under the Employers' Liability Act (Acts 1913, c. 179; Vernon's Sayles' Ann. Civ. St. 1914, §§ 5246h–5246zzzz).

4. TRIAL ⬳203(3)—INSTRUCTION PRESENTING AFFIRMATIVE OF ISSUE.

In action for injuries to employé from negligence of employer, refusal to give employer's special charge grouping and presenting in an affirmative way the defenses of employer to employé's charge of negligence *held* error.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harris County; A. R. Hamblen, Judge.

Suit by V. Sedita and another against the Bering Manufacturing Company. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Sherman & Landon, of Kansas City, Mo., and Cole & Cole, of Houston, for. appellants.

Woods, Barkely & King, of Houston, for appellees.

WALKER, J. This suit was instituted by V. Sedita, as a feme sole, on behalf of herself and as next friend for her minor son, Lawrence Sedita, to recover for personal injuries alleged to have been inflicted by the negligence of the defendant on her said minor son on the 13th day of January, 1916, while he was engaged as an employé of the defendant, at defendant's place of business in Houston, Harris county, Tex. The trial resulted in a verdict in favor of V. Sedita for $500, and in favor of Lawrence Sedita for $2,400.

Lawrence Sedita was employed by the defendant to work at a sander machine. The character of this machine is well illustrated by the accompanying photograph, which is designated in the statement of facts as "Exhibit B.":

This picture gives a view of the top of the machine. Letters "a," "b," "c," "d," "e," and "f" on this photograph indicate what is known as the dead rollers between which and the live rollers, which cannot be seen and which lie underneath these dead rollers, the plaintiff Lawrence Sedita got his hand caught. Letter "g" represents a man who is standing where the operator, Rapsilver, was standing on the day of the accident, and shows the proper position for feeding planks into the sander machine. Letter "h" shows the position in which a man would stand who would tail off or off-bear the boards and the place where the. plaintiff Lawrence Sedita had to stand to do his work. This photograph very well illustrates the distance from the sander machine that a man would naturally stand in performing this duty. Letter "i" indicates a plank being fed back from the off-bearer to the operator. · Letters "j" "k" and "l" on this photograph are iron rods connecting the frame of the sander machine. Letter "m" indicates the dead roller under which Lawrence .Sedita got his hand caught. This dead roller turned toward the operator, Rapsilver, and away from Sedita. Letter "n" on this exhibit indicates an iron frame of the sander machine, which stands between the off-bearer and any of the rollers, and is 10 or 12 inches deep.

Among other grounds of negligence, plaintiff pleaded that the defendant was guilty of negligence "in permitting a young boy of inexperience and immature years, as was the said Lawrence Sedita, to work around said machine, with the rollers and machinery exposed as they were, and without any protection or guard, or anything to keep one from getting their hands entangled in said machine."

This was the only ground of negligence submitted to the jury. Based on this pleading, the court submitted special issue No. 1, as follows:

"Was the defendant guilty of negligence, as that term has been hereinbefore defined to you, in permitting a boy of the age, intelligence, and experience of Lawrence Sedita to work around the sander machine in question without a cover or screen over the rollers of said machine in which his hand was caught?"

Appellant's first assignment of error is that the court erred in refusing to instruct a verdict in its favor. The majority of the court is of the opinion that this assignment should be sustained. I dissent from this conclusion; but, as I have been instructed by my Brethren to prepare the opinion of the court in this case, I shall endeavor fairly to present their position, and also to make my own position clear on the issues involved.

Appellant presents this assignment under three subdivisions:

1. That no negligence is shown against the defendant company, because the uncontroverted and undisputed proof in this case shows that the appellant, in regard to not having a guard over the sander machine, conformed to the universal usage in other concerns of similar character, and without dispute showed that there was never a sander machine constructed, within the knowledge of any of the witnesses in the case, that had a guard on it.

2. (The question involved in the second subdivision was submitted to the jury and the jury found in appellant's favor.)

3. The third subdivision presents the issue that, under the uncontradicted testimony in this case, Lawrence Sedita was not a boy of such inexperience and immature years as to warrant a jury in finding the defendant guilty of negligence in permitting him to work at the sander machine. Both of these propositions are sustained by the majority of the court.

Reverting to the first subdivision mentioned above, appellant succinctly states the facts of this case in his proposition under this subdivision, as follows:

"The undisputed evidence in this case showed the following uncontroverted facts:

"(a) The sander machine on which the plaintiff Lawrence Sedita was working was 55 inches, or 4 feet and 7 inches high, and 5 feet square.

"(b) The end of the machine where plaintiff Lawrence Sedita was standing had an iron frame inclosing the rollers, and from the top of this iron frame down underneath the rollers where plaintiff's hand was hurt is 12 inches, or one foot.

"(c) At the end of the machine where plaintiff Lawrence Sedita stood, and at the base of the perpendicular iron frame just above described, extends an iron piece lying flat down, which comes out 6 inches further at the back end of the machine, where the plaintiff Lawrence Sedita would stand.

"(d) In addition to this, there is a support for the planks to come out on, and which stands between plaintiff Lawrence Sedita and the sander machine.

"(e) Plaintiff Lawrence Sedita, in doing his work, was not required to put his hand down among the rollers or to come closer to them with his hands than 12 inches, and he stood two feet back of the machine to do his work.

"(f) The dead roller which drew his hand in was moving away from him, towards the operator, at the other end of the machine.

"(g) The plaintiff in error Lawrence Sedita testified that he did not need to lay his hand down among the rollers to perform any of the functions of his work, and that it was not a proper place for him to put his hands, in which statements he was corroborated by all of the defendant's witnesses.

"(h) The plaintiff pleaded that he did not know how he got his hand between the roller, and he testified to that effect, and all the defendant's witnesses corroborated the plaintiff, to the effect that they could not conceive how he got his hand where he did.

"(i) No sander machine was ever known to

any witnesses in the case to have a cover on top of it, and all companies used sander machines without covers on them.

"(j) This machine has been in operation in the appellant's plant for 19 years, and no accident ever happened on it before.

"(k) If a cover should be put on the machine, some kind would have to be used as would not obscure visibility of the rollers, and thus interfere with the practical functions of the machine, in this, that it was essential to see the planks go through the sander machine, so as to prevent them becoming jammed, and thus to keep them open and separate from each other."

On those facts appellant announces this proposition:

"We maintain that where the undisputed facts were as set out hereinabove, that no inference of negligence can be drawn as against appellant, and that ordinary minds cannot differ on the question of defendant's negligence, and that the peremptory instruction should have been given to the jury on this phase of the case."

Some of the witnesses of appellant testified that it would be impracticable to operate this machine with a screened cover; but B. F. Femelat, an experienced mill man, a witness for appellant, testified as follows:

"There could have been attached a screen over the top of this sander machine so you could yet see the boards go through if you had the right mesh in the screen, and if that was done its functions would not be interfered with in any way. You could see your roll boards and rollers."

Appellant, in its brief, discussing the question of law involved in this proposition, says:

"On no one question may there be found so great a diversity of opinion among the different jurisdictions in this country than on the question involved, namely: Will the conformity by a master to the common usage and custom of others engaged in the same business, as to any instrumentality to be used by the servant, exonerate the master from liability for negligence as a matter of law? Until the recent case of H. & T. C. Railroad Co. v. Alexander, supra [103 Tex. 594, 132 S. W. 119], we would have assumed that Texas was committed to a negative answer of that question, under such well-known cases as G., C. & S. F. R. Co. v. Evansich, 61 Tex. 5, and G., C. & S. F. v. Smith, 87 Tex. 357, 28 S. W. 520.

"However, in H. & T. C. v. Alexander, supra, our Supreme Court, speaking through Mr. Justice Williams, reached a conclusion which it seems to us is directly in conflict with the earlier cases above cited, though Mr. Justice Williams took pains to state that he differentiated that case from what he conceived to be the principle enunciated by earlier cases."

In addition to the Alexander Case, 103 Tex. 594, 132 S. W. 119, appellant cites. Taylor v. White, 156 S. W. 349; Schroeder v. Michigan Car Co., 56 Mich. 132, 22 N. W. 220; Wilson v. Mass. Cotton Mills, 169 Mass. 67, 47 N. E. 506; Kilbride v. Carbon, 201 Pa. 552; 51 Atl.

347, 88 Am. St. Rep. 829; Titus v. Bradford, etc., Ry. Co., 136 Pa. 618, 20 Atl. 517, 20 Am. St. Rep. 944; Sanford Day Iron Works v. Moore, 132 Tenn. 709, 179 S. W. 373; Lively v. American Zinc Co., 137 Tenn. 261, 191 S. W. 975; Labatt on Master and Servant (2d Ed.) vol. 3, § 940, and cases cited therein. The Alexander Case and the White Case are the only Texas authorities relied on by appellant.

In the Alexander Case, Mr. Justice Williams said:

"It is true that this court has never adopted that theory of the duty of the employer to his employés which concedes to him the legal right to organize and conduct his business in his way, however regardless it may be of their safety, if he will only let them know of the dangers to which he exposes them and obtain their consent to incur them. That the doctrines of assumed risk and contributory negligence have often precluded them from complaining does not entirely preclude the operation of the principle to which this court has always adhered, that the law imposes on employers the duty, in planning and pursuing their businesses, to exercise ordinary care with regard to the safety of the employés, and what we say of the facts of this case is said in full recognition of that principle. But what is the standard by which the question, whether or not that care has been exercised, is to be determined, but the conduct of prudent and careful men in the business under investigation? And when the evidence not only fails to show a departure from the line of conduct pursued by such men, but shows affirmatively complete conformity to it, how can the conclusion of negligence be drawn? Whatever the experience of jurors may enable them to know of affairs of some kinds, it is certainly not true that they can be held to know how such a business as that here in question should be conducted better than all the employers and employés engaged in it. With only such evidence in the case, no issue is presented for a jury to pass upon. The contention for the plaintiff seems to be that the top of the box should have been kept clean. The statement made shows that there was no practice of doing so, and that no one expected it to be done. How, then, is it to be inferred that prudence required that it be done in the proper management of the business? What efforts would have been adequate to the end, and could they have kept the box in a safer condition than would result from its being let alone? The evidence furnishes no other answer than that found in the settled practice of all concerned."

In the White Case, supra, Mr. Chief Justice Huff, citing the Alexander Case and Railway Co. v. Seley, 152 U. S. 145, 14 Sup. Ct. 530, 38 L. Ed. 391, 1 Labatt on Master and Servant, §§ 44 and 163, and Houston & Texas Central Railway Co. v. Cowser, 57 Tex. 293, said:

"Where the only inference that can reasonably be drawn from the evidence is that the master conformed to the usage of prudent men in well-regulated concerns engaged in his trade or business in the adoption and use of the in-

strumentalities, he may be declared as a matter of law to have been in the exercise of due care."

[1] The majority of this court is of the opinion that the Alexander Case and the White Case control the disposition of this case on this proposition, and the proof showing that the appellant was using the only character of sander machine that was then built, and that all other operators in this line of business used the same character of sander machine, and that none of them was protected with a screen, no inference of negligence could arise as against the appellant, and that no issue of negligence should have been submitted to the jury, on the failure of appellant to screen this machine.

From this statement of the law I most respectfully dissent.

Reverting again to the brief of appellant, in its discussion of the Alexander Case, we find this statement:

"The distinction was very finely drawn by Judge Williams, and we confess ourselves to be at some difficulty in distinguishing that case from earlier pronouncements."

Quoting further from Justice Williams' opinion we find this statement:

"The case is very different from those in which the prevalence of the negligent habit or custom among some employers is invoked as a defense when it has caused injury. In such cases evidence is furnished from which that which was done may be pronounced to have been negligence, and it is therefore held that the constant doing of it is no justification. Here the very test of negligence, when applied to the evidence, can result in no conclusion of its existence."

It seems to me that, if the Supreme Court had intended to overrule or modify the line of decisions previously rendered by it, these decisions would have been specially named and their subsequent authority, as precedents on this question, fully stated. Learned counsel for appellant, referring to the previous history of this proposition in our courts, after a thorough study of this question, said in their brief:

"Will the conformity by a master with the common usage and custom of others engaged in the same business, as to any instrumentality to be used by the servant, exonerate the master from liability for negligence as a matter of law? Until the recent case of H. & T. C. Railroad Co. v. Alexander, supra, we would have assumed that Texas was committed to a negative answer of that question"—citing the Evansich Case and the Smith Case, to which we have referred above.

The Supreme Court must have realized the full force of these and other decisions by the appellate courts of Texas on this question, and, if the majority of this court is correct in its construction of the Alexander Case, all this line of authorities was overruled, and the rule on this question entirely changed, without any special mention by the Judge who wrote the opinion. This question has been before our courts frequently since the decision of the Alexander Case. Armour v. Morgan, 151 S. W. 861; Magnolia Paper Co. v. Duffy, 176 S. W. 90; Railway Co. v. Gatewood, 185 S. W. 932; Skelton & Wear v. Wolfe, 200 S. W. 901; Ebersole v. Sapp (Com. App.) 208 S. W. 156; Taylor v. White (Com. App.) 212 S. W. 656; and Taylor v. White, 156 S. W. 349. In some of these cases the Alexander Case is referred to, but in none of them, except in the opinion by the Court of Civil Appeals, in the White Case, 156 S. W. 349, is the Alexander Case given the construction now being followed by the majority of this court.

In the Gatewood Case, supra, Justice Dunklin, speaking for the Court of Civil Appeals for the Second District, cites the Alexander Case as authority for this proposition:

"The rule is well settled that, unless the conduct of the business in a certain manner is negligence per se, then proof of a general custom of others following a like business to pursue the same course is admissible, as tending to show that the method so adopted was not a negligent one."

Again, in Shelton & Wear v. Wolfe, 200 S. W. 901, Justice Dunklin, speaking for the same court, says:

"Another contention presented by several assignments in different forms was substantially to the effect that, if the proof showed that the defendants were operating their glass factory in the same manner and using and furnishing the same character of machinery, appliances, equipment, and the same character of place in which to work as were actually employed by other prudent, well-regulated concerns operating and engaged in the same character of business, then they were not guilty of actionable negligence, and that the court erred in failing to so charge the jury. We think this contention is unsound. Appellants have cited H. & T. C. Ry. Co. v. Alexander, 103 Tex. 594, 132 S. W. 119, and Taylor v. White, 156 S. W. 349. There are some expressions in those decisions to the effect that, if the master, who is charged with negligence, can show that the business in question was conducted in the same manner as that pursued by other prudent, well-regulated concerns of the same character, he cannot be held liable to a servant for damages resulting therefrom. But we do not understand that they go to the extent of denying the general principle that negligence consists of the failure to exercise ordinary care, and that ordinary care is the failure to do that which a person of ordinary prudence would have done, or the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances; in other words, the test at last is how a person of ordinary prudence would have acted under the same or similar circumstances. We do not construe those decisions as holding otherwise than that

there was no evidence deduced in those cases upon which negligence could be reasonably inferred."

Justice Dunklin follows this statement with citations from the Evansich Case and the Smith Case, supra, also citing I. & G. N. Ry. Co. v. Hawes, 54 S. W. 325; Kirby Lumber Co. v. Dickerson, 42 Tex. Civ. App. 504, 94 S. W. 153; 3 Labatt on Master and Servant, § 947.

Presiding Justice Sonfield, speaking for the Commission of Appeals, in the Sapp Case, supra, cites the Alexander Case as authority for this proposition:

"The master cannot be held negligent in furnishing an instrumentality for use by the servant, if the instrumentality would have been considered by an ordinarily prudent person, in the exercise of ordinary care, a proper one for use in the manner and place and for the work for which it was furnished."

The Alexander Case was decided by the Supreme Court, opinion being filed November 30, 1910. The opinion in Magnolia Paper Co. v. Duffy, supra, was filed April 14, 1915; motion for rehearing being denied May 12, 1915. Thus the Alexander Case was nearly five years old when the Duffy Case was decided. In the Duffy Case, Justice Fly, speaking for the Court of Civil Appeals for the Fourth District, says:

"Even though instrumentalities are the same as those used by all others in the same line of business, it is held in Texas that the use of such appliance may be negligence, and it is for the jury to determine whether the use of the machine was negligence or not"—citing a long line of Texas authorities.

Continuing, Justice Fly says:

"The standard of care exercised by a master is, not what other masters do under like circumstances, but, as in all cases, the standard must be the exercise of ordinary care. Proof that an instrumentality is the same used by other masters in the same business may be a circumstance to be considered by the jury in passing upon the question of negligence, but in the final analysis of the matter ordinary care must be the test applied."

Referring to the opinion by the Court of Civil Appeals in Taylor v. White, counsel for appellants say in their brief:

"Our Supreme Court first refused a writ of error in December, 1913, in Taylor v. White, but thereafter, in January, 1914, on a rehearing, granted the application, with the notation to the effect that a majority of the court were of opinion that both the question of defendant's negligence and of the plaintiff's assumption of risk were for the jury; Mr. Justice Phillips dissenting from the granting of the application. on the ground that the plaintiff had assumed the risk as a matter of law."

The Commission of Appeals, in an opinion by Mr. Justice Strong (212 S. W. 656), affirmed the judgment of the Court of Civil Appeals in this Taylor v. White Case. Justice Strong said:

"The custom of others engaged in like business is not the absolute test of negligence, but where the undisputed evidence shows affirmatively as it does in this case, that the defendant was conducting his business in accordance with the uniform custom of persons engaged in like business, it devolves upon the plaintiff, before he can recover, to produce evidence showing that such custom is negligent. In the absence of such testimony, the legal presumption is that those engaged in like business were reasonably prudent in the conduct of their business, and that they discharged their legal obligations for the safety of their servants"— citing the Alexander Case and Railway Co. v. Senske, 201 Fed. 637, 120 C. C. A. 65.

Notwithstanding the judgment of the Court of Civil Appeals was affirmed by this opinion, it seems to me that there is a marked difference between the statement of the law involved in this proposition made by Justice Strong and that made by the Court of Civil Appeals. As to Justice Strong's opinion, the rule as stated in the Evansich Case and as recognized by Justice Fly and Justice Dunklin in the cases quoted from by me above is in no way modified. "To produce evidence showing that such custom is negligent" is no greater burden on the plaintiff than to establish the negligence pleaded by him. In order to recover, he must show that the defendant is guilty of negligence, and on such facts as are reflected by this record to show that a custom is negligence, to my mind, involves no greater burden than to show that the defendant was guilty of negligence in the operation of his machine. As I construe the decisions of our courts on this proposition, proof of custom is evidentiary only, and as said by Justice Fly in the Duffy Case, supra, "in the final analysis of the matter ordinary care must be the test applied." Even if I have not correctly construed this opinion by Justice Strong, the plaintiff has fully met the issue of showing such custom to be negligence; that is, he has made it an issue of fact before the jury. The testimony of Mr. Femelat quoted by us above is to the effect that a screen over this machine would not have interfered at all with the operation of the machine. Now, if this is true, the issue should go to the jury as to whether an employer, in the exercise of ordinary care, would have placed this screen on this machine, thus making it a safe machine for this boy to operate.

[2, 3] The majority of the court is also of the opinion that this record does not raise an issue of negligence based on the inexperience and immature years of Lawrence Sedita. The defendant had lost the defense of assumed risk, because it was not a subscriber under the Employers' Liability Act

(Acts 1913, c. 179; Vernon's Sayles' Ann. Civ. St. 1914, §§ 5246h–5246zzzz). ,

Lawrence Sedita began work in November for the defendant. He was hurt about the 12th of January following, and was 16 years old on the 1st of February following. He had never worked about machinery before. It was his first job. He had attended school only five months in his life, and could not write except to sign his name and mark down figures. He was an ignorant Italian boy with very little experience in working with Americans. It was his duty to take the boards or planks out of the machine after they were passed between the live rollers, and to hand them back immediately over the live rollers of the machine with his right hand to a fellow employé at the other end thereof, while with his left hand he would take the next board that was coming through said machine. He testified, in part, as follows:

"I had been working at that plant for about a month and a half. Up to that time I had never had my hands between those rollers. I knew if I should put my hands down there and those rollers would catch my hand, I knew it would hurt me. I knew it was no proper place for me to put my hand, but just as the—Mr. Rapsilver told me to hand him the board, you see, when I drawed my hand back I got caught and I couldn't help it. I knew if I did get my hand caught there I would hurt my hand. Sure, I knew that if I put my hand in there that it would catch my hand if I put it down under the rollers, or if I put my hand right where the roller was turning that it would catch my hand. I had seen those rollers revolving there time and again; I had seen them for a while. I had seen them from the very day I went there; there was nothing to hide them from my view. I could see them plainly. You could see them. They was right on top there."

Appellant summarizes this testimony in the following proposition:

"Lawrence Sedita having himself testified that he had worked there during the months of November and December up to the date of the injury, on January 12, 1916, all the time engaged in the same work of off-bearing on the sander machine, and where he testified that prior to the accident in question he had never put his hand down among the rollers of said machine, and that he knew it was no proper place for him to put his hand, and that it would be dangerous for him to put his hand down among such rollers, and that he did not need to put his hand down where it was injured in the performance of any of the services for which he was employed, and that he did not know how he got his hand down among the rollers when he got hurt, and where the said Lawrence Sedita testified that the rollers were in plain sight, and that he saw them every day while he was working there, it is apparent that the master could not have enlarged the said Sedita's knowledge by any instructions in regard to the danger, if any, in getting his hand in said sander machine, and no actionable negligence is shown on the part of the appellant (defendant below) in not instructing said minor, and this as a matter of law from the minor's own undisputed testimony and admissions."

As supporting this proposition, appellant cites the following authorities: Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111; G., H. & S. A. Railroad Co. v. Anderson, 187 S. W. 491; Dallas Park Amusement Association v. Barrentine, 187 S. W. 710; Tucker v. National Loan Investment Co., 35 Tex. Civ. App. 474, 80 S. W. 879; Wiggins v. E. Z. Waist Co., 83 Vt. 365, 76 Atl. 36; Ewing v. Lanark Fuel Co., 65 W. Va. 726, 65 S. E. 201, 29 L. R. A. (N. S.) 487; Mitchell v. Comanche Cotton Oil Co., 51 Tex. Civ. App. 506, 113 S. W. 158.

In the Barnes Case, supra, Justice Williams, discussing this proposition, said:

"We do not mean that contributory negligence is to be charged to the boy as a matter of law, but that the omission of the defendant in not instructing and protecting him does not constitute actionable negligence, since he had the knowledge which instruction would have given him and knew how to avoid this particular danger. This knowledge, affirmatively shown and admitted, distinguishes this case from Cook v. Navigation Co., 76 Tex. 353 [13 S. W. 475, 18 Am. St. Rep. 52], which refuses to hold as a matter of law that a child between 13 and 14 years of age has sufficient knowledge and experience to appreciate and avoid danger."

In the Anderson Case, supra, James Anderson, a minor about 14 years old, was in the employ of the defendant, and was injured while crossing a railroad track. Chief Justice Pleasants said:

"When the failure to warn is relied on as an independent ground of negligence authorizing a recovery, it goes without saying that such failure on the part of the defendant must have been a proximate cause of plaintiff's injury. We think the evidence before set out conclusively shows that the failure of defendant to warn plaintiff of the danger of being struck by some train operated in its yards could not have in any way contributed to plaintiff's injury. This danger was obvious and apparent, and plaintiff admits that he knew just as well about how dangerous it was as anybody could tell him. We do not think there is any room for difference in the conclusion from plaintiff's own testimony that the failure of defendant to warn him, when it employed him as night call-boy in the railroad yards, that in going about over the yards he must look out for moving trains, had no causal connection with plaintiff's injury. According to his own testimony, he was not put to work in a place of danger of which he was ignorant, or of which he was incapable of appreciating. Such being the state of the evidence, the failure of defendant to warn plaintiff does not constitute actionable negligence, and that ground of recovery should

not have been submitted to the jury. Oil Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111."

The facts and statement of the law by the court are very well expressed in the sixth syllabus in the Barrentine Case, as follows:

"A minor, aged 19, who for two years prior to the accident had been working about a merry-go-round and who had been closing the doors during different periods of such time, who was directed to close the doors after the lights were out, and who knew the danger of stumbling over stobs, set in the ground between the doors, as well as the master, was not entitled to warning not to stumble over the stobs."

The issue of warning the defendant was not submitted to the jury; the only ground of negligence submitted to the jury being issue No. 1, which we have given above.

It is the opinion of the majority of the court that this boy was of such age and experience that the defendant owed him no greater duty than to an adult under the same circumstances, and, having rested his case on the duty to him by the defendant company because of his immature years and inexperience, he cannot recover. To this conclusion I respectfully dissent.

Discussing the authorities cited by appellant, counsel for appellee say:

"An investigation of the authorities, which hold that a boy who knows and appreciates the danger, or who is warned, is placed upon the same footing with an adult, will disclose that he is placed upon such footing only with reference to the issues of contributory negligence and assumed risk, and not with reference to the issue of negligence on the part of the master in permitting him to work around dangerous machinery."

It seems to me that this a correct analysis of these and similar authorities. Plaintiffs sought to recover on the ground that the defendant was negligent "in permitting a young boy of inexperience and immature years, as was the said Lawrence Sedita, to work around said machinery with the rollers and machinery exposed, as they were, and without any protection or guard, or anything to keep one from getting their hands entangled in said machine." To the above proposition of appellant, appellee submits this counter proposition:

"When it is shown that a boy of 15 years of age, without experience about machinery and the character of work at which he is placed, and without education or mental training, is permitted and required to work around and over heavy, complicated, and dangerous and exposed machinery, it becomes a question of fact for determination by the jury as to whether his employer was guilty of negligence in employing and permitting him to so work around such machinery, and the request for peremptory instruction was therefore properly refused."

As a matter of law, can we say that the issue of immaturity and inexperience is not raised by these facts? Had this boy been a few months younger, defendant would have been guilty of negligence as a matter of law in placing him to work at this machine. As he had not reached the age of 16, as he was wholly inexperienced in working with machinery, except for the short time he had been in the employ of defendant, it became an issue of fact for the jury to determine whether or not from the facts in this record the defendant was guilty of negligence in employing him and in permitting him to work on an unscreened sander machine. It is true the plaintiff testified that he knew it was dangerous for him to put his hand in this machine, and that if he did his hand would be hurt; but as I understand the law, in order to relieve the defendant of negligence in employing a young and inexperienced minor to work with dangerous machinery, it must not only appear that he saw and appreciated the result of being caught in the machinery, a fact obvious to the tenderest infant with any discretion, but it must also appear that boys of his age and experience know how to operate such machinery in safety to themselves. As I construe the decisions, this is an issue of fact to be determined by the jury. M., K. & T. Ry. Co. v. Rogers, 89 Tex. 675, 36 S. W. 243; Cook v. Houston Direct Navigation Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52; Houston & Texas Central Railway Co. v. Lawrence, 197 S. W. 1022; Stirling v. Bettis Manufacturing Co., 159 S. W. 915; R. C. L. vol. 18, p. 550, § 63.

[4] Appellant presents this case to us on 25 assignments of error. The view taken by the majority of the court precludes the necessity for a discussion of the remaining assignments. However, it will be proper for us to say that the court is unanimously of the opinion that reversible error was committed by the trial court in failing to submit defendant's special charge No. 8. This charge grouped and presented in an affirmative way the defenses of the defendant to the charge of negligence as made by plaintiff. This was not done by the court in the main charge. It is also the unanimous opinion of the court that no error was shown by any of the other assignments.

On the 16th day of last month, we announced that this cause was reversed and remanded; but, on further deliberation, the majority of the court is of the opinion that it should be reversed and rendered. The order heretofore entered reversing the cause and remanding the same for a new trial is set aside, and the judgment in favor of appellee is reversed, and judgment here rendered in favor of appellant.