**LANDERS et al. v. WEST LUMBER CO.***
(No. 308–3626.)

(Commission of Appeals of Texas. Section A. March 29, 1922.)

**1. Master and servant ⬅153(1)—Master required to instruct minor employee working about dangerous machinery.**

Where a minor is employed in and about dangerous machinery in work or in connection with machinery which may become dangerous when improperly used, it is the master's duty to instruct him fully as to the dangers incident to use and misuse of the same, and to protect such minor from dangers incident to his ignorance or the proper method of doing his work, or necessary lack of judgment.

**2. Parent and child ⬅7(13)—Father's consent to employment held for jury.**

In an action by father in his own right to recover for the lessened value of services of minor son from personal injury, evidence as to father's consent for the son to work near and around dangerous machinery *held* for the jury.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Van Landers, by his father and next friend H. Landers, and also a suit by H. Landers, against the West Lumber Company. Judgment for defendant and plaintiffs appealed to the Court of Civil Appeals, which affirmed the judgment (227 S. W. 692), and plaintiffs bring error. Judgments of the Court of Civil Appeals and of the district court reversed, and the cause remanded to the district court for a new trial in accordance with this opinion, and upon the question of failure to warn the minor plaintiff of danger of personal injury and as to whether the father had consented to minor's employment by defendant.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for plaintiffs in error.

J. Lewellyn, of Liberty, and Huggins & Kayser, of Houston, for defendant in error.

RANDOLPH, J. Van Landers, by his father as next friend, filed suit against the West Lumber Company to recover damages for personal injuries. H. Landers, the father, also filed suit in his own right to recover from the company for the lessened and destroyed value of the services of his minor son, Van Landers. The suits were consolidated in the trial court, the district court of Liberty county, and on hearing of the case, after the introduction by plaintiffs of their evidence, that court sustained an oral motion of the company, requesting that the jury be instructed to return a verdict in its favor, and peremptorily instructed such verdict, and rendered judgment accordingly. On appeal the Court of Civil Appeals for the Ninth District affirmed the case. 227 S. W. 692.

The plaintiff, Van Landers, as his grounds for recovery charged the defendant company with negligence, in this:

"That the gear wheels which caught plaintiff's hair and injured him as above alleged were open and exposed, and because they were so operated by defendant in that condition they were dangerous and likely to cause serious injury to employees compelled to work thereabouts, especially to youthful and inexperienced minors, all of which the defendant well knew, or by the use of ordinary care and reasonable diligence could have known thereof, and could have so fitted and fixed and protected said gear wheels as to have prevented the injury which was inflicted thereby upon plaintiff; and further, the defendant was negligent in failing to warn plaintiff that there was any danger about the operation of said gear wheels, although plaintiff was only 15 years of age and had only a very slight experience in the particular work he was doing at the time he was injured, all of which was known to defendant, or by the use of ordinary care and diligence defendant would have known thereof, but the defendant did not at any time warn him that there was any risk or danger attendant upon the operation of said gear wheels and the machinery operated in connection therewith, or upon the work in which plaintiff was engaged at the moment he was injured, nor did the defendant at any time instruct him as to how he was to perform the work he was engaged in so as to avoid the dangers attendant thereon and protect himself therefrom, and plaintiff because of his youth, inexperience, and immature judgment was not aware of the dangerous condition of the said machinery and the risks and dangers which were due to the manner in which said work was being carried on, and by reason of his youth and limited experience he was without the matured judgment and discretion and capacity to appreciate the risk that might be attendant upon the work which he was performing and the manner of its performance, at the time of being injured, as aforesaid."

This pleading was supported by the evidence, and the question to be considered by us is: Did such negligence as charged and proven present a case that should have been submitted to the jury?

[1] The Court of Civil Appeals in their affirmance of the case, say:

"Appellee was not guilty of negligence in failing to house or box in the wheel gearing on the

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied May 3, 1922.

line shaft. By conforming to the universal usage and custom among sawmill men in its construction and operation of this gearing, on the facts stated by us, it was relieved of all inference of negligence, and the court correctly refused to submit such an issue to the jury. Bering Mfg. Co. v. Sedita (Tex. Civ. App.) 216 S. W. 639.

"Nor was negligence shown on the ground that appellee failed to warn and instruct Van Landers as to the dangers inherent in his work. This boy was past 15 years of age, and had been working at this mill five or six months at the time of·his injury. He had been on his last job for several weeks. He was a very intelligent boy, and testified with great clearness to the arrangement and operation of the machinery and the handling of the lumber. He understood clearly how these wheel gearings were operated, and knew that he could not be injured by them without crawling under the table and extension where they were. He knew that injury would result to him if his head or any part of his body came in contact with them. We do not see how any warning or instruction from appellee could have enlarged his knowledge of the dangers of his work, or give him a clearer understanding of how to avoid injury. The court did not err in refusing to submit this issue to the jury. Bering Mfg. Co. v. Sedita, supra, and cases therein cited."

We do not think that these holdings of that court are upheld by the law. Whatever may be the doctrine as applied to the case of adults in charging knowledge and assumed risk, we do not think it was ever intended that an inexperienced child, however bright and intelligent, should be put on the plane of an adult in respect to charging him with the knowledge of the dangerous character of machinery with which he is working, where he had never been warned and instructed as to those dangers. The law requires a greater duty of the master in case of a minor working for him than it does in the employment of adults. As we advance in years we acquire caution from experiments and wisdom from results, and to charge inexperienced minors with all the responsibilities of maturity would be a cruel extension of the doctrine of the assumption of risk never contemplated by the law. We think where a minor is employed in and about dangerous machinery or in work in connection with machinery which may become dangerous where it is improperly used that it is the duty of the master to fully instruct him as to dangers incident to the use or the misuse of same; that it is the master's duty to protect such employee from dangers incident to his ignorance of the proper method of doing his work and his necessary lack of judgment.

In support of our opinion on this question we quote from the following cases:

Associate Justice Gaines in T. & P. Ry. Co. v. Brick, 83 Tex. 599, 20 S. W. 513, says:

"Whether the rulings of the court in refusing the special instructions were erroneous or not, depends in part upon the correctness and fullness of the charges which were given, and in part upon the peculiar facts of the case. It is insisted, that on account of the plaintiff being 19 years old, and the evidence as to his intelligence and the duration of his employment in the particular service in which he was injured, the court should have treated the case as if he were sui juris. It has been held, that when a minor attains the age of 14 years he is to be considered, as to the question of his assuming the risks of a dangerous employment, as a person of full age, until the contrary is made to appear by evidence. Nagle v. Railway, 88 Pa. St. 35. But we think the great weight of authority supports a different rule, and that if a servant be under the age of 21 years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury. In the first place, it is the duty of the master to inform him not only that the work is dangerous, but also as to the extent of the danger and how to avoid it. If that be done he assumes the risk and in case he is injured by reason of the risks so assumed he cannot recover. So, also, if he knows not only of the danger, but also of its extent, and has the capacity to appreciate it, he then assumes the risk, and the master cannot be held liable. It is not sufficient that he knows the employment is dangerous, but he must also be aware of the extent of the danger, and have the discretion to understand the risk, before he can be held to have assumed it. These are questions of fact to be determined by the jury."

In the case of Continental Oil & Cotton Co. v. Gilliam (Tex. Civ. App.) 151 S. W. 890, in which the Supreme Court refused a writ of error it is held:

"There was nothing to prevent appellee from seeing the situation and condition of the machinery as described, and it conclusively appeared he did see same. He had oiled the machinery as many as 12 times before the time of the accident,. and each time had oiled it as he was then attempting to. It may be said, therefore, to have conclusively appeared that he knew the conveyor boxes were uncovered and the cogs unprotected. It further may be said to have conclusively appeared that he knew if his hand should be caught by the cogs as they revolved he would be injured. If it had further appeared that appellee was an adult at the time of the accident, we would be of the opinion that appellant's contention that the risk he incurred was one he had assumed should be sustained. But it conclusively appeared that he was then under 21 years of age, and had never been warned of the dangers of the work he was engaged in, and had never been instructed how to avoid those dangers. Therefore, notwithstanding he knew the situation and condition of the machinery, and that, if his hand should be caught by the cogs, he would suffer injury, it cannot be said as a matter of, law that he assumed the risk of the accident. That he may have known the work was dangerous was not sufficient to put him in the attitude of having assumed the risk incurred in doing it. His discretion must have been suffi-

ciently developed to enable him to know and appreciate the nature and extent of the risk he incurred. Whether his judgment was so developed or not was a question for the jury to determine with reference to all the facts of the case, and we think the court below did not err in refusing to treat and determine it as a question of law. T. & P. Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511."

In Hotel Dieu v. Armendarez (Tex. Com. App.) 210 S. W. 520, we quote:

"It is the duty of the master to warn and instruct a minor servant as to the dangers incident to the service which are known to the master or which could be known by the exercise of reasonable care, and which the servant, because of immature judgment and want of experience, cannot reasonably be expected to know and appreciate. If the servant has sufficient capacity to appreciate the danger or has acquired the knowledge otherwise than by instruction from the master and is as fully aware of the dangers as if instructed and advised, the master is not negligent in failing to give such warning and instruction, and under such conditions the servant assumes the risk incident to the employment. The mere fact, however, that the servant knows that the employment is dangerous, is not sufficient to relieve the master of further instruction. The duty of the master is to inform the servant, not only that the work is dangerous, but also as to the extent of the danger and the means of avoiding it. If the master fails to perform this duty, it ordinarily is a question of fact for the jury to determine whether the servant has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury."

The Court of Civil Appeals cites the case of Bering Manufacturing Co. v. Sedita et al., 216 S. W. 639, to support their holding on the question discussed above. A. writ of error was refused in that case by the Supreme Court. However, that case is not in conflict with our opinion, and we do not think it sustains the Court of Civil Appeals in their position in this case. In that case the question of the failure of the master to warn or instruct the minor was not presented to the Supreme Court in the application for writ of error; hence it is not authority on that question.

[2] The Court of Civil Appeals in disposing of the appeal of H. Landers, the father, held that as he had visited the mill and had seen his son at work, knew of his employment, and raised no objection thereto, that he had therefore acquiesced in it and was estopped from urging such employment as a ground of negligence in his suit for damages. They cite Cook v. Urban (Tex. Civ. App.) 167 S. W. 252, to sustain this position. That case holds:

"Preliminary to a discussion of the assignments of error, it will be of benefit to recall a few of the well-settled rules of law relative to the employment of minors and the rights and liabilities of the parents, the minor, and the master arising therefrom. One who employs a minor in a dangerous service without the consent of his parent is liable to the parent for any loss of the minor's services due to the employment, without reference to whether or not such loss resulted from the negligence of the minor, or was due to the risks ordinarily incident to the minor's employment, or was due to the contributory negligence of such minor. Such is the rule, for the reason that the parent did not consent to the employment, and hence is not bound by the terms of the contract itself or by any rule of law which is projected into the contract. T. & P. Ry. Co. v. Brick, 83 Tex. 526, 18 S. W. 947, 29 Am. St. Rep. 675. * * *

"The rule also prevails between the parent and the master employing the minor that, if the parent knew of the employment and acquiesced in the same, such knowledge and acquiescence would in law constitute consent."

But the question of consent on his part under the facts in this case is a matter for the jury to determine. It does not clearly appear that the father was really aware of the dangerous work his son was engaged in at the time of the alleged injury; hence whether or not he had consented to the employment was a matter that should have been passed on by the jury. The consent of the father cannot be said to be so well established that no other conclusion could be arrived at by reasonable minds; hence this question is a question of fact, and not one of law, and the question should have been submitted to the jury.

"Acquiescence is a question of fact and each case must furnish its own rule. to be deduced from its own facts, circumstances, and surroundings." Koenigheim v. Sherwood, 79 Tex. 513, 16 S. W. 25.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that this cause be sent back to the district court for a new trial in accordance with this opinion upon the question of failure to warn the minor, plaintiff, and as to whether the father had as a matter of fact consented to his son's employment by the defendant.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.