MORGAN v. STILLWELL et al.    (No. 1396.)

(Court of Civil Appeals of Texas. El Paso. Jan. 4, 1923. Rehearing Denied Feb. 1, 1923.)

1. Master and servant ⊙⟝219(9) — Risk of falling into exposed flywheel of tractor assumed.

A farm laborer helping to operate a tractor of a type in general use, who had worked four days on the machine, when he stumbled over an iron bar on the platform and fell into the exposed flywheel, which caught his arm, *held* to have assumed the risk, though he was not warned; the danger from the wheel, which was in full view, being apparent.

2. Master and servant ⊙⟝201(9)—Driver and helper on tractor fellow servants.

Where a farm laborer, helping to operate a tractor, fell into an exposed flywheel when he stumbled on an iron bar which the driver had placed on the platform, instead of in the tool box, the proximate cause of the injury was the negligence of a fellow servant, and the employers were not liable.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Action by Robert Morgan against Charles Stillwell and others. Judgment for defendants, and plaintiff appeals. Affirmed.

S. J. Isaacks, of El Paso, for appellant.
Burges & Burges, of El Paso, for appellees.

HARPER, C. J. This suit was instituted by appellant against appellees, Charles Stillwell, J. R. Wells, and J. B. Spears, to recover damages for personal injuries under the following allegations of negligence: That on or about the 22d day of November, 1920, plaintiff was employed by defendants on their plantation. That just prior to the said date he was ordered to assist the driver in the operation of a gasoline tractor, with which work he was

unfamiliar. That he was to perform such duties as said driver should call upon him to perform. That a bar of iron about 2 feet long and one inch in diameter was used as a lever to start the engine, and then it was placed upon the platform, where it remained until it became necessary to use it again for said purpose. That it was plaintiff's duty to ride upon said platform. That the flywheel of the tractor was about 3½ feet in diameter and stood about 15 inches above the floor of the platform, was not housed in nor any guard of any kind placed about it. That the platform hereinbefore mentioned upon which defendants kept said iron bar or rod, together with said exposed flywheel, constituted the place and instrumentalities furnished to plaintiff by defendants in which and with which to work, and said platform on which said defendants kept said iron bar or rod and said exposed flywheel was an unsafe and dangerous place to work, and said flywheel and said iron bar or rod constituted and were dangerous instrumentalities furnished plaintiff by defendants with which to work. That, in obedience to the instructions of the driver of the tractor, and in the performance of the duties prescribed for him, plaintiff was in the act of passing to the driver a can of oil. That in doing so he stepped upon the aforesaid bar, which rolled under his feet, and caused him to be thrown upon the flywheel, which was in rapid motion; as a consequence his arm was drawn into the wheel and seriously injured, etc. That he was not warned of the danger, etc.; therefore he was not furnished a safe place to work.

Defendants answered by general and special exceptions, general denial, and specially that the machine was of standard type, perfect in its make and equipment; that, if dangerous, not inherently so, but only because so by reason of the way it was used by plaintiff and his fellow servant, for which defendants were not responsible; that the flywheel was plainly visible and apparent to any man of ordinary intelligence; that any danger incident thereto was known to plaintiff, and no warning which could have been given would have prevented his falling into it, and, having sought and accepted the employment to operate the machine with such knowledge, he assumed the risk; that the accident and injuries were the direct and proximate result of his own negligence and the negligence of his fellow servant.

At the close of the evidence the court instructed the jury to find for the defendant, and judgment was entered accordingly, from which an appeal was perfected.

[1] The assignment is that the court erred in instructing a verdict because the evidence of liability is sufficient to require the submission to the jury. In substance the undisputed testimony shows that plaintiff was engaged as a farm laborer. After he had worked a few days he was ordered by the field boss, Edwards, to help Bean, the driver of a tractor. Plaintiff described it as follows:

"It was a big platform about 8 by 10 feet, with a four-cylinder engine on the front. The engine was so placed that the flywheel, about 3 or 3½ feet in diameter, was half above the floor of the platform and the other half below. It worked through a slot cut in the platform, there was about an inch and a half or 2 inches between the floor of the platform, and this flywheel, it was not incased in any way, but exposed. The driver sat on the right-hand side of the machine and the helper sat on the left-hand side. On the morning of the accident, after we had filled the machine with oil, gas, etc., Mr. Bean took the bar of iron and cranked the machine. We moved forward about 100 or 150 feet when he stopped the machine, but not the engine, and asked me to hand him a can of oil. * * * I reached back and picked up the can of oil and got up to hand it to him. I stepped on the bar used to start the machine, and it throwed me, and I fell into the flywheel. It caught my hand and pulled it down between the boards of the platform floor and the flywheel, and so injured as that the arm was amputated."

It was further undisputed that tractors of like kind were in general use throughout the country, and none of them have the flywheel incased to protect employees. Bearing Mfg. Co. v. Sedita et al. (Tex. Civ. App.) 216 S. W. 639.

Plaintiff testified on direct examination that he saw the flywheel exposed, but did not know at the time that it was dangerous; that no one warned him of the danger. Upon cross-examination he said:

"I knew if I got caught in that wheel I would get hurt, but I did not know that there was any danger of getting caught in it."

The evidence further shows that he had worked upon the machine four days. The flywheel was open and in full view; therefore the danger incident thereto was apparent, and must necessarily have been known to him. Upon these facts it must be held that appellant assumed the risk. Taylor v. White (Tex. Com. App.) 212 S. W. 656.

[2] Again, if it should be held that an issue of negligence was raised by the allegation and fact that the flywheel was left exposed (which is doubtful under Bering Mfg. Co. v. Sedita, supra), plaintiff alleged and the facts conclusively show that the two instrumentalities operated together in bringing about the accident and injury in this: Bean was the fellow servant of plaintiff; he placed the bar of iron upon the platform at the place where plaintiff stumbled upon it, and was thereby caused to fall into and upon the flywheel so exposed; that there was a tool box where this rod could have been placed instead of upon the platform. The pleadings and the facts clearly show that but for

the negligent act of the fellow servant in placing the bar of iron upon the platform the accident and injury would not have occurred; therefore, the proximate cause of the injury was the negligence of a fellow servant, for which appellees are not liable. Ebersole v. Sapp (Tex. Com. App.) 208 S. W. 156. The court therefore did not err in instructing a verdict for defendants.

Affirmed.