## WEST LUMBER CO. v. LANDERS et al.
### (No. 1058.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 31, 1924.)

**1. Appeal and error ☞1097(1)—Opinion of Commission of Appeals became law of case.**

Where the record in an appeal from a judgment rendered in a trial of a cause, after it was sent back by the Commission of Appeals to the district court for new trial, in accordance with the opinion of the Commission of Appeals, was substantially the same as the former record, the analysis of the facts of the case by the Commission of Appeals in relation to the pleadings and its conclusions thereon became the law of the case.

**2. Trial ☞192—Trial court justified in assuming truth of matters submitted to jury.**

In an action for injuries received from being caught in defendant employer's machinery, where defendant conceded it had not warned plaintiff of the danger of his employment, and it was undisputed he was engaged in dangerous work, the issues submitted to the jury, which assumed such matters, were not objectionable as on the weight of the evidence.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Action by Van Landers, by his father, H. Landers, as next friend, and also individual action by H. Landers against the West Lumber Company. On the death of H. Landers prior to trial, Mrs. H. Landers was substituted plaintiff. Judgments for plaintiffs, and defendant appeals. Affirmed.

J. Llewellyn, of Liberty, and J. A. Platt and Huggins, Kayser & Liddell, all of Houston, for appellant.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for appellees.

WALKER, J. The opinion of the Commission of Appeals on the former appeal of this case (Landers v. West Lumber Co., 239 S. W. 195), reversing an opinion by this court in the same case (Van Landers v. West Lumber Company, 227 S. W. 692), practically disposes of all the issues on this appeal. For

a complete statement of the nature of this suit, we refer to the opinion on the former appeal.

Since the first trial of this case, H. Landers, the father of Van Landers, has died, and the mother of Van Landers was substituted as plaintiff, in lieu of his deceased father. In all other respects, the pleadings are identical with the pleadings on the former appeal.

[1] On the trial of this case this time, judgment was entered for Van Landers for $5,500, and for his mother in the sum of $500. In its brief, appellant says:

"It conclusively appears that the records of these two trials are practically the same, in substance."

The analysis of the facts of this case by the Commission of Appeals in relation to the pleadings and its conclusions thereon are the law of this case, and therefore, as the facts of the two trials are the same, it is not necessary that we restate the evidence.

The Commission of Appeals said:

"We therefore recommend * * * that this cause be sent back to the district court for a new trial in accordance with this opinion, upon the question of failure to warn the minor, plaintiff, and as to whether the father had as a matter of fact consented to his son's employment by the defendant."

These two issues were submitted to the jury under the following questions:

(1) "Was the defendant, West Lumber Company, guilty of negligence in failing to warn Van Landers of the danger, if any, of being hurt by the cogwheels in question and the extent of that danger, or in failing to instruct Van Landers how to perform the work he was then engaged in, so as to avoid injury to himself?" Answer: "Yes."

(2) "Was such negligence, if any, on the part of the defendant, West Lumber Company, the proximate cause of the injury received by the plaintiff Van Landers?" Answer: "Yes."

(4) "Was either the plaintiff Mrs. Selesta Landers or her husband, H. Landers, now deceased, aware of the conditions under which their minor son, Van Landers, was working at the time he was hurt and of the risk incident thereto?" Answer: "No."

(5) "Was either the plaintiff Mrs. Selesta Landers or her husband, H. Landers, now deceased, guilty of contributory negligence in permitting their son, Van Landers, to continue at work, with full knowledge of the conditions under which he was working and of the risks incident thereto, if you find from the evidence that they, or either of them, had such knowledge prior to the time Van Landers was injured?" Answer: "No."

[2] Under the opinion of the Commission of Appeals, we hold that these issues were raised and the answers of the jury supported by the evidence. The issues as submitted were not on the weight of the evidence. Ap-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellant conceded that it had given no warning to Van Landers of the dangers of his employment. It appears without controversy that Van Landers was engaged in dangerous work. Therefore the court was justified in assuming the matters which appellant says made the issues on the weight of the evidence.

The judgment of the trial court is in all things affirmed.