Manuel L. BENAVIDEZ, Appellant,

v.

J. W. MAXWELL, Appellee.

No. 13043.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 26, 1956.

**838**

Dougherty & Morrill, Beeville, Graves, Dougherty & Greenhill, Austin, for appellant.

Wade & Wade, Beeville, for appellee.

POPE, Justice.

Appellant, Manuel L. Benavidez, has appealed from a judgment upon an instructed verdict that he take nothing in this suit against his employer, J. W. Maxwell. Benavidez suffered the loss of a hand and serious arm injuries while operating an ensilage-cutting machine on the employer's farm. The court held that Benavidez, as a matter of law, voluntarily assumed the risk and was contributorily negligent. We affirm the judgment.

When Benavidez was almost nineteen years old he was working as a farm laborer for J. W. Maxwell. Maxwell set him to operating an ensilage-cutting machine. The machine would pick up hay in the field, draw it into the machine on rollers and then knives would cut and chop the hay. Benavidez stated that the knives were not sharp, and that the hay, weeds and grass clogged the machine every few minutes. When that occurred he stopped the machine and cleaned the blades. To do that, it was necessary for him to turn off the motor and, by use of a long wrench, back the blades to loosen the feed and then to dig out the choked material. This was a dangerous operation for it necessitated his placing his hands under the blades.

About three or four weeks before the injury Benavidez started his work with the machine. The employer took Benavidez to the field and instructed him in the operation of the machine. He explained that when the machine choked up he should stop the ensilage cutter by pulling a lever to disengage the cutting apparatus. When that procedure was followed injury was impossible, for there were no moving parts. In line with those instructions, Benavidez had daily, on many occasions, stopped the machine, disengaged the apparatus by pulling the lever, and then cleaned the machine. Benavidez stated that he understood his instructions, had on all previous occasions followed them, and knew the machine was dangerous unless he cut off the power while working around the knives. To clean the choked knives, it was necessary that he open the hood over the rollers and knives. On the hood above the knives was written the words "Warning—Keep away from rollers unless power is off." He could read, had read and understood the warning. When the power was off, or when the hood was down, there was no danger and he knew that.

On the occasion of his injury, Benavidez stopped the tractor which was pulling the ensilage cutter. He threw the lever to disengage the machine, and then cleaned the blades. He knew that he should close the hood, but on this occasion he did not do so. With the hood open, he returned to his tractor and started the machine again. With the machine operating and the blades moving, he got back down from the tractor, went again to the open hood to examine the observable blades and fell into the blades. Contrary to his instructions, to the warning sign in front of him, and what he independently knew about the danger, he approached the area of the moving knives when the motor was going and the hood was up.

Benavidez knew and appreciated the danger which was apparent, and also how to avoid it. He knew this from experience, by warning and by instruction. The court properly granted the instructed verdict, for Benavidez assumed the risk of the employment. McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391. Even assuming that the machine was defective in that the

blades were not sharp, that defect was fully known to Benavidez, as well as any probable danger resulting from the defect. Orange Lumber Co. v. Ellis, 105 Tex. 363, 150 S.W. 582, 586. "* * * with full knowledge of the nature and extent of the danger involved he put himself in the way of the particular risk involved as the result of an intelligent choice." Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60, 64. Benavidez proceeded into the area of danger with full knowledge of the mechanism, its condition and dangers. In similar instances, and even when the danger was less apparent and in the absence of warnings, the doctrine of assumed risk has defeated recovery. Clayton v. Chicago, R. I. & G. Ry. Co., Tex.Com.App., 137 Tex. 441, 154 S.W.2d 453; Taylor v. White, Tex.Com. App., 212 S.W. 656; Morgan v. Stillwell, Tex.Civ.App., 247 S.W. 580; Galveston, H. & S. A. R. Co. v. Lempe, 59 Tex. 19; Tucker v. National Loan & Investment Co., 35 Tex.Civ.App. 474, 80 S.W. 879; 29 Tex.Jur., Master and Servant, § 29.

The judgment is affirmed.