## UNITED STATES *v.* STARN.

*(District Court, D. New Jersey. July 24, 1883.)*

1. EXCESSIVE FEE IN PENSION CASE—INDICTMENT.

   Section 31 of the act of March 3, 1873, declared—*First,* that no agent, attorney, or other person should receive as a fee in any pension case any greater compensation than might be allowed by the commissioner of pensions, not exceeding §25; and, *secondly,* prescribed the punishment for so doing. The first part of the act was made section 4785 of the Revised Statutes, and the second part, section 5485. By act of June 20, 1878. congress expressly repealed Rev. St. § 4785, and limited the fee in all cases to §10; but left Rev. St. § 5485, prescribing the penalty, still in force. On March 3, 1881, congress enacted that the provisions of Rev. St. § 5485, should be applicable to any person who should violate the provisions of the act of June 20, 1878. *Held,* that there was no statute in force during the period between June 20, 1878, when Rev. St. § 4785, was repealed, and March 3, 1881, on which the penalty prescribed by Rev St. § 5485, could operate, and an indictment charging an offense in receiving a greater fee than allowed by the title of the Revised Statutes relating to pensions, during such period, could not be sustained.

2. PENAL STATUTES—CONSTRUCTION.

   It is a fundamental rule in the administration of criminal law that penal statutes are to be construed strictly, and that cases within the like mischief are not to be drawn within a clause imposing a forfeiture or a penalty, unless the words clearly comprehend the case.

3. SAME—PUBLIC MISCHIEF TO BE SUPPRESSED.

   In construing a statute the court should look at the public mischiefs which are sought to be suppressed, as well as the obvious object and intent of the legislature in enacting it; and in doubtful cases these have great influence on the judgment in arriving at its meaning; but where the law-making power distinctly states its design, no place is left for construction.

Motion to Quash Indictment.

*A. Q. Keasbey,* U. S. Dist. Atty., for the United States.

*S. H. Grey* and *Thos. B. Harned,* for defendant.

NIXON, J. The defendant is indicted under section 5485 of the Revised Statutes. The first count of the indictment charges that, being the agent of one Benjamin Barnes in procuring his pension, he demanded and received from the said Benjamin a compensation for his services, in prosecuting said claim, greater than was provided in the title of the Revised Statutes of the United States pertaining to pensions. The motion is to quash the said count, on the ground that when the alleged offense was committed, to-wit, on May 1, 1880, there was no provision in the title of the Revised Statutes pertaining to pensions, limiting the fee which an agent or attorney might lawfully demand and receive for his services in a pension case.

On the third of March, 1873, the congress of the United States passed an act to revise, consolidate, and amend the laws relating to pensions. 17 St. at Large, 566. By the thirty-first section it was enacted in substance: (1) That no agent or attorney, or other person, instrumental in prosecuting any claim for pension, shall demand or receive any other compensation for his services, in prosecuting a claim for pension, than such as the commissioner of pensions shall

direct to be paid to him, not exceeding $25; (2) that any such person who shall directly or indirectly contract for, demand, or receive any greater compensation for his services than is hereinbefore provided, or who shall wrongfully withhold from a pensioner the whole or any part of the pension allowed and due such pensioner, shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall, for every such offense, be fined not exceeding $500, or imprisoned at hard labor not exceeding two years, or both, at the discretion of the court; (3) and if any guardian, having the charge and custody of the pension of his ward, shall embezzle the same, or fraudulently convert it to his own use, he shall be punished by fine not exceeding $2,000, or imprisonment at hard labor for a term not exceeding five years, or both, at the discretion of the court. When the commissioners appointed to revise and consolidate the statute laws of the United States (see 14 St. 74) came to this section they thought proper to subdivide it into three sections, and to place them in different parts of the Revision. The first part thereof appears under the title pertaining to 'pensions, and is section 4785 of the Revised Statutes. The second division was set in the sixth chapter of the title relating to crimes, and is section 5485; and the third is printed under both these titles, being numbered in the one, section 4783, and in the other, section 5486.

The commissioners were authorized, in the second section of the law appointing them, in the performance of their duties, to make such alterations as they deemed necessary to amend the imperfections of the original text. They hence inserted in section 5485, in lieu of the words of the former law, "than is hereinbefore provided," the phrase, "than is provided in the title pertaining to pensions;" referring, doubtless, to section 4785.

The law thus stood until June 20, 1878, when a new act was passed, entitled "An act relating to claim agents and attorneys in pension cases," (20 St. 243,) by the provisions of which it was made unlawful for any one to demand or receive for his services in a pension case a greater sum than $10; the second section expressly repealing section 4785 of the Revised Statutes. This enactment and repeal, upon its face, seems to have rendered it unlawful, under the provisions of the Statutes at Large, to demand or receive more than $10 for services in procuring a pension; to have removed all limits to charges in such cases from the sections of the title pertaining to pensions; and to have left standing a penalty for the violation of a section which was no longer in force. On March 3, 1881, (1 Supp. Rev. St. 602,) the congress enacted that "the provisions of section 5485 of the Revised Statutes shall be applicable to any person who shall violate the provisions of an act entitled 'An act relating to claim agents and attorneys in pension cases,' approved June 20, 1878." The offense charged in the indictment is conceded to have been committed, if at all, on the first of May, 1880,—a period of time

between the repeal of section 4785 and the passage of the last-recited law, which was intended to make the provisions of section 5485 applicable to the act of June 20, 1878.

Was there any statute then in force on which the penalty of section 5485 could operate? The question is not without difficulty, and is one respecting which able judges have differed. It was before the circuit judge of the sixth circuit (BAXTER) in the case of *U. S.* v. *Mason,* 8 FED. REP. 412, who held that the only provision in the title of the Revised Statutes pertaining to pensions, limiting the fee which might be lawfully demanded or received for the prosecution of a pension claim, was found in section 4785, and that said section having been repealed by the act of June 20, 1878, no indictment under section 5485 for receiving a greater compensation than is provided for in the title pertaining to pensions could be maintained. The late judge of the district court of the United States for the district of Indiana, (GRESHAM,) in a subsequent case, (*U. S.* v. *Dowdell,* 8 FED. REP. 881,) after considering the opinion of Judge BAXTER, reached a different conclusion, and, on a motion to quash, held that the provisions of section 5485 of the Revised Statutes were applicable to violations of the act of June 20, 1878. The question arose before me on the trial of the indictment of *U. S.* v. *Hewitt,* (11 FED. REP. 243,) where I was requested to charge the jury that the first count was bad because the alleged offense was shown to have been committed between June 20, 1878, and December 3, 1881. Not being able, in the hurry of the trial, to give the point more than a cursory examination, and conceiving, from the facts of the case, that the substantial ends of justice would be subserved by allowing the jury to pass only upon the subsequent counts of the indictment, I directed them to give the defendant the benefit of a doubt which was entertained respecting its validity; to disregard the count, and render their verdict only upon the other counts. A careful examination of the opinions of the learned judges, BAXTER and GRESHAM, plainly reveals why they differed in their conclusions. It is quite clear that the acts and intentions of congress were not the same. The former judge simply considered what congress *did,* and the latter what it *intended* to do. How far the court is allowed to control acts of congress by its apparent intents is the delicate inquiry which I am now called upon to make and decide.

It is a fundamental rule in the administration of criminal law that penal statutes are to be construed strictly, and that cases within the like mischief are not to be drawn within a clause imposing a forfeiture or a penalty, unless the words clearly comprehend the case. *The Schooner Harriet,* 1 Story, 255. In construing a statute we ought undoubtedly to look at the public mischiefs which are sought to be suppressed, as well as the obvious object and intent of the legislature in enacting it; and in doubtful cases these have great influence on the judgment in arriving at its meaning. But where the law-making power distinctly states its design, no place is left for construction.

Congress unequivocally declared that certain penalties should be inflicted upon a class of persons who violated the provisions of a section in the title of the Revised Statutes pertaining to pensions. It afterwards repealed the section to which reference was made, but left the penalties standing, and enacted a new law, without making them applicable to its provisions. I am asked to judicially supply the omission, and to do what congress omitted to do until June 20, 1881, on the ground that it was not the legislative intention to have no law upon the statute-book to which these penalties might be applied. I fear this would be judicial legislation, and I reply to the request in the apt words of the late Judge BALLARD, in the case of *U. S.* v. *Marks*, 2 Abb. (U. S.) 540:

"I have no means of ascertaining the intention of congress except from what they have said. I have no right, upon any conjectures of policy which I may entertain, to supply an intention which cannot be derived from the language employed. I am obliged to take the statute just as it is written, and to adopt that construction which its language plainly imports. I cannot stretch it to cases obviously not embraced by its terms, because such cases seem to me to be included in the policy."

The motion to quash is sustained.