TEXAS & PACIFIC RAILWAY COMPANY v. THOMAS BRICK.

No. 3267.

1. **Liability During Railway Receivership for Injury to Employes.**—The liability of a railway company for personal injuries inflicted upon an employe by reason of negligence while the road was in the hands of a receiver is recognized, where the road has been returned to the railway company improved by the expenditure by the receiver of its income in betterments, the injuries not resulting in death.

2. **Injury to Minor Employed by Railway Company.**—One who employs a minor, knowing him to be such, in a dangerous business without his father's consent becomes liable to compensate the father for any loss of the son's services during minority which may result from an injury suffered in that business. This rule excludes the consideration of contributory negligence, and of the risk assumed in the contract of employment. The parent is no party to such contract, and is in no way bound thereby.

3. **Measure of Damages to Parent for Loss of Child's Services.**—The measure of damages to a parent for loss of his son's services caused by his employment by a railway company is the aggregate of the earnings of the son until his majority. It is not proper that expenses for boarding, etc., should be deducted.

4. **Verdict Not Excessive.** — Verdict for $1200 not excessive in favor of father for loss of his son's services for two years and twelve days. The son was crippled while in employ of railway company.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*Finch & Thompson,* for appellant.—1. In a suit by a parent for the loss of services of his minor son, alleged to have been caused by the negligence of his son's employer, the question of contributory negli-

gence and acts of the fellow servant should be submitted to the jury, if these issues are raised by the pleadings and there is any evidence upon these issues. Railway v. Carlton, 60 Texas, 397.

2. There can be no recovery against a railway company for personal injuries or damages resulting therefrom without proof of negligence on the part of those operating the same, and the jury should be so instructed.

*Ball, Wynne & McCart*, for appellee.—1. A railway company employing a minor, knowing him to be such, in a dangerous employment without the father's consent, and the minor being injured in such employment, is responsible to the father for any loss of the son's services by reason of such injuries. Railway v. Redeker, 67 Texas, 190.

2. The father is entitled to recover whatever the son would have earned from time of injury to his arriving at the age of 21 years, and any basis of collection is legitimate for the jury to consider to establish that amount.

3. Where during a receivership the earnings of the railway in the hands of the receiver are expended in betterments and improvements, and the road at the termination of the receivership is turned over to its owners without a sale, the railway becomes liable for all the injuries done to persons during the pendency of the receivership. Railway v. Johnson, 76 Texas, 421.

GAINES, ASSOCIATE JUSTICE.—The appellee brought this action to recover of appellant damages for the loss of the services of his minor son. The suit was brought in the first instance against John C. Brown, as receiver of the property of the appellant company; but in amended petition the company was made a party; and it was averred, that Brown had been discharged as receiver; that all its property had been turned back to it by the court with betterments of the value of millions of dollars placed thereon by him from its net income during his receivership. The original ground of action was, that without the consent of the plaintiff his minor son had been employed by an agent of the receiver to work at the dangerous occupation of brakeman in the company's switch yard, and that while so employed had suffered injuries which rendered him unable to earn a livelihood.

That the company was liable under the circumstances for the damages accruing from the wrong alleged is not an open question in this court. Railway v. Comstock, post, p. 537; Boggs v. Brown, 82 Texas, 41, and cases there cited.

The appellant requested the court to charge the jury to the effect that the plaintiff could not recover if his son was guilty of negligence which contributed to the injury; and also, that he could not recover if the accident was the result of the negligence of the son's fellow servants.

Both instructions were refused, and in this action of the court there was no error.   In Railway v. Redeker, 67 Texas, 190, the rule was clearly recognized, that one who employs a minor, knowing him to be such, in a dangerous business without the father's consent becomes liable to compensate the father for any loss of the son's service during minority which may result from an injury suffered in that business.   That case was reversed solely upon the ground that the charge authorized a recovery without reference to the question whether the employer knew of the minority or not.   The decision of the Supreme Court of Kentucky in Railway v. Wells, 83 Kentucky, 57, cited in the Redeker case from a syllabus in the Central Law Journal, is now before us, and fully sustains the doctrine of the employer's liability in such cases.   The contract of employment with the minor having been made without the consent of the father, the latter is a stranger to it and is not bound by any of its terms.   He does not agree that as between himself and the employer the son shall be bound to take the risk directly incident to the employment or that which may result from the negligence of the son's fellow servants.   His ground of complaint is, that the employer has engaged the son in a dangerous occupation, where, by reason of the dangers attending the business either naturally arising from it or from the negligence of employes, he has lost the son's services; and in our opinion he is entitled to recover for any loss resulting from such dangers, without reference to the question whether the son has contributed to such injury or not, provided the loss has resulted from the perils of the occupation.   The wrong to him consists in the unauthorized employment, and he is entitled to compensation for any loss which has resulted from that wrong.

The case of Railway v. Carlton, 60 Texas, 397, was a suit by the father to recover damages for injuries resulting in the death of the son, under our statute.   The statute gives an action in cases only where the deceased, if living, could have recovered for the injury.

It is also complained that the verdict for $1200 is excessive.   The evidence showed that the plaintiff's son at the time of his injury was receiving as wages $65 per month.   Before that he had been employed in an occupation not attended with any peculiar danger, in which he received $53 per month.   At this latter time he lived with his father. There was also evidence tending to show that since the injuries had been inflicted he had not been able to procure employment.   His right arm was seriously and permanently impaired and he lost a foot as the result of his injuries.   He lacked a few days of being 19 years old when the accident occurred.   We think the evidence sufficient to support the verdict.   It may be conceded, as appellant claims, that his earning capacity in a dangerous business is not the true criterion of the value of his services, so far as the suit of his father is concerned.   The contention then is, that from his wages his board should be deducted, and

that so considered the net result of his services for two years and twelve days would not amount to the sum found by the jury. But should the board be deducted? While the father is entitled to the son's services, he is equally bound to support him during his minority, and hence the gross amount that the son could have earned is the measure of his loss. Although, as the evidence shows, he may have allowed the son to spend his earnings before the injury, he was none the less entitled to them both before and after the accident; and under the circumstances of this case his recovery can only be restricted to the amount the son may have earned before attaining his majority, had not the accident occurred.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 23, 1892.