COOK et al. v. URBAN.   (No. 7054.)

(Court of Civil Appeals of Texas.   Dallas. April 25, 1914.   Rehearing Denied May 23, 1914.)

1. PARENT AND CHILD (§ 7*)—LOSS OF SERVICES—CONSENT TO EMPLOYMENT.

One who employs a minor in a dangerous service without the consent of his parent is liable to the parent for any loss of the minor's services due to the employment, without reference to whether the loss resulted from negligence of the master, or was due to the risks ordinarily incident to the minor's employment, or to the minor's contributory negligence.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

2. MASTER AND SERVANT (§ 286*)—INJURY TO MINOR SERVANT—INSTRUCTIONS—ACQUISITION OF KNOWLEDGE.

As between a master and a minor servant, not instructed by the master as to the dangers of his employment, it is a question for the jury whether he acquired sufficient knowledge of the danger to exempt the master from liability for his injury therefrom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 218*) — MINOR SERVANT—ASSUMPTION OF RISK—DISCRETION.

As between a master and a minor servant in a dangerous service, injured therein, whether instructed by the master or afterwards becoming aware of the danger, the minor's assumption of the risk depends on his having discretion to properly weigh his risk of injury, which is a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601–609; Dec. Dig. § 218.*]

4. PARENT AND CHILD (§ 7*)—CONSENT TO CHILD'S EMPLOYMENT.

As between the employer of a minor in a dangerous service and the minor's parent, the parent's knowledge of, and acquiescence in, the employment amounts to consent thereto.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

5. PARENT AND CHILD (§ 7*)—LOSS OF SERVICES—IGNORANCE OF AGE.

Though a minor is employed in a dangerous service without the parent's consent, and is injured therein, the master, sued by the minor's parent for the loss of his services, may show that he did not know of the servant's minority, and, if the jury believe he was led by the minor's development to believe he was of age, the parent cannot recover without regard to the questions of negligence, contributory negligence, and assumption of risk.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

6. TRIAL (§ 191*) — INSTRUCTIONS — TAKING QUESTION FROM JURY.

There being evidence making issues for the jury, on which depended the question of a minor servant in a dangerous service having assumed the risks, unequivocally charging that he assumed all the hazards ordinarily incident to his employment was affirmative error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

7. PARENT AND CHILD (§ 7*)—RECOVERY FOR NEGLIGENT INJURY.

Though the parent of a minor consents to his employment in a dangerous service, he being injured therein through the negligence of the master, she may recover for his diminished earning capacity during his minority.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

8. PARENT AND CHILD (§ 7*)—CONSENT TO EMPLOYMENT.

The mere fact that the evening before plaintiff's minor son was injured in defendant's employment he advised plaintiff, his mother, that he would not return home that night, because he was employed by defendant to run his gin, is insufficient to raise the issue of her having consented to his employment.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

9. TRIAL (§ 229*) — INSTRUCTIONS — REPETITIONS EMPHASIZING BURDEN OF PROOF.

Repeating 12 times in the charge that the jury must believe "from a preponderance of the evidence" the facts alleged by plaintiff tended to emphasize the burden cast by law on plaintiff and was probably harmful.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

10. MASTER AND SERVANT (§ 157*)—INSTRUCTING AS TO DANGERS.

The duty of a master to instruct a minor of the dangers of the task assigned him, assisting in the operation of a gin, comprehends more than the incidental warning to the minor by a customer of the master that it was dangerous to place his hands in the gin stand.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 303; Dec. Dig. § 157.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by N. L. Cook for herself and minor child against Pete Urban. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

Williams & Williams and Edgar Harold, all of Waco, for appellant. Morrow & Morrow, of Hillsboro, for appellee.

RASBURY, J. Appellant, for herself, and on behalf of her minor son, Uarmar Cook, sued appellee for damages for personal injuries alleged to have been inflicted upon the said Uarmar Cook by the negligence of appellee. The suit was based upon appellant's common-law right to recover the loss of her son's services, as well as the right to sue for the son to recover the damages resulting to him personally, due to the negligence of appellee.

The petition alleged that appellant was a widow, and that her son, Uarmar Cook, a minor, was employed by appellee without her consent to assist in the operation of appellee's gin, which was a dangerous occupation, and that, while so engaged, one of her son's hands was so seriously injured by the saws of one of the gins that it became necessary to amputate the same. The grounds of

negligence alleged to have brought about the injury were that some of the machinery was out of repair, negligence of appellee in directing the manner of doing the work in which the minor was engaged at the time he was injured, and failure of appellee to instruct the minor how to perform his work, and to warn him of the dangers incident thereto.

Appellee met the allegations of the petition by the claim that the accident was the result of the minor's negligence, the dangers of the work he was doing being open and obvious; also that appellant and the minor represented the minor to be of age, and that appellant had knowledge of the employment, which, together with the fact that the minor was experienced in the work he was employed to do, estopped appellant from pleading minority of her son, and by reason of which appellant and her minor son assumed the risk of his employment, and that the injuries were due to the ordinary risks of the work, or the contributory negligence of appellant's son.

The facts essential to a disposition of the appeal are, in substance, as follows: Appellee, at the time the minor was injured, was operating a cotton gin in Hill county. He employed the minor to perform dangerous and hazardous duties in and about the gin. At the time he was employed the minor was of the age of 17 years and 11 months. Appellee did not secure the consent of appellant to the employment of her minor son. The only knowledge appellant had of the employment was that the minor, when leaving his home the night before the accident, advised his mother that he would not return, because he had been employed by appellee to work in his gin. Appellant introduced testimony sufficient to have supported a verdict in her favor tending to show that her minor son was inexperienced in the operation of gins and the work assigned him by appellee, and that appellee knew that fact, and failed as well to warn him of the dangers of such work. Appellee introduced evidence sufficient to sustain the verdict secured by him tending to show that appellant's son was experienced, and that appellee did warn him of the dangers of the work. It will not be necessary to particularize or detail the incidents relating to the accident. It is sufficient to say that the minor was engaged in removing some accumulated trash from the gin stand, his work being in close proximity to the gin saws. The minor's theory is that, while so engaged, the breast of the gin fell, due to the fact that it was out of repair, striking his hand, and driving same against the saws, from which the injury resulted. Appellee's theory is that the breast never fell at all, and hence did not strike the minor's hand, but that, by his own inattention and want of care, he carelessly ran his hand against the saws.

There was a jury trial, resulting in verdict for appellee, followed by judgment, from which this appeal is taken.

[1] Preliminary to a discussion of the assignments of error, it will be of benefit to recall a few of the well-settled rules of law relative to the employment of minors and the rights and liabilities of the parents, the minor, and the master arising therefrom. One who employs a minor in a dangerous service without the consent of his parent is liable to the parent for any loss of the minor's services due to the employment, without reference to whether or not such loss resulted from the negligence of the minor, or was due to the risks ordinarily incident to the minor's employment, or was due to the contributory negligence of such minor. Such is the rule, for the reason that the parent did not consent to the employment, and hence is not bound by the terms of the contract itself or by any rule of law which is projected into the contract. T. & P. Ry. Co. v. Brick, 83 Tex. 526, 18 S. W. 947, 29 Am. St. Rep. 675.

[2, 3] As between the master and the minor servant, the decided weight of authority is that, if the servant has not been instructed by the master relative to the dangers of his employment, and he is injured therein, it is a question of fact to be solved by the jury whether he has acquired sufficient knowledge of such danger to exempt the master from liability. Thus, before the minor can be held to have assumed the ordinary risk of his employment, there must first be referred to the jury the minor's acquired knowledge of the dangers, in case there has been no warning. If the master, as matter of fact, does observe his primary duty and instructs the minor of the dangers of the employment, then, as between the master and the minor, the liability of the former is to be controlled by the rules ordinarily applicable to adults, provided that the minor, after being instructed by the master with reference to the tasks set for him, knew the nature and extent of the dangers, and his judgment was sufficiently mature to appreciate the risks thereof, or subsequently he became aware of the danger and its extent, and had the discretion to properly weigh his risk of injury therefrom, which in turn becomes also an issue of fact for the jury. T. & P. Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511. The case just cited is a companion case to the Brick Case first cited. In the last case cited it is said:

"That the discretion of the minor does not always keep pace with his intelligence. His intellect may be cultivated and developed, and yet he may be more heedless than one of more tender years."

The Supreme Court says, in that case, that as much may even be said of adults, but that, as to them, we have a hard and fast rule which may be applied, but that, as to minors, the issues we have named must in all cases be submitted to the jury. See, also,

M., K. & T. Ry. Co. v. Smith, 45 Tex. Civ. App. 128, 99 S. W. 746.

[4, 5] The rule also prevails between the parent and the master employing the minor that, if the parent knew of the employment and acquiesced in the same, such knowledge and acquiescence would in law constitute consent. G., C. & S. F. Ry. Co. v. Redeker, 75 Tex. 310, 125 S. W. 855, 16 Am. St. Rep. 887. Further, the master may show, in cases where the minor has been injured by his own negligence, and the master is being sued by the parent for loss of the minor's services, that he did not know of the servant's minority; and, if the jury believe from the physical and mental development of the minor that the master was led to believe he had reached his majority, then the more onerous rule will not be applied against the master. G., C. & S. F. Ry. Co. v. Redeker, 67 Tex. 190, 2 S. W. 527, 60 Am. Rep. 20.

All issues raised on appeal in the instant case relate solely to alleged errors in the court's charge, and, applied to the rules and facts stated herein, several of the assignments must be sustained. In connection with the conclusion we have reached, however, we cannot pass without some reference to appellee's motion to amend the transcript. This motion sought to amend the transcript by showing that preceding submission of the case to the jury all errors in the charge which had been submitted to appellant's counsel for approval had been waived, and that by inadvertence the judgment had omitted to show the waiver. The motion came at a time when, under the rules, we could not consider it, however much its fairness and justness might appeal to us, and however much we think counsel should be held to the grounds upon which they have voluntarily, and after due deliberation, pitched their line of prosecution.

[6] The second assignment asserts that the court's charge on assumed risk was erroneous, and we concur in the contention. The charge told the jury unequivocally that the minor assumed all the hazards ordinarily incident to his employment. Such a charge was affirmative error, since, by the appellant's evidence, the employment was dangerous, her son was a minor, she had not consented to his employment, and appellee had not instructed him with reference to the danger, and he was incapable, both from inexperience and understanding, to appreciate the risk. All these facts are for the jury, and are ingrafted by law upon the general rule as limitations thereof and should have been submitted to the jury by the charge. In like manner, without reference to the limitations we have stated, the court charged that if the minor was guilty of contributory negligence he could not recover, which was also affirmative error.

[7] The fifth assignment complains of a portion of the court's charge which presents affirmatively appellee's defenses, and which,

in effect, tells the jury that, if appellant consented to the employment of her son, she could recover nothing in her own behalf, because of the diminished capacity of her son to earn money. Such charge was error. Appellant had the right to recover the difference between the value of her son's services before the loss of his arm and the value of such services thereafter, during his minority, even though she consented to the employment, if her son was injured by the negligence of appellee. T. & P. Ry. Co. v. Putnam, 63 S. W. 910. The charge only permits her to recover if she refused her consent, while the correct rule is that she could consent, and yet recover if her son's injuries resulted from the negligence of appellee.

[8] The third and ninth assignments assert that the court erred in submitting to the jury whether appellant consented to her son's employment because the evidence was insufficient to sustain the charge. The evidence which sustains the action of the court in submitting appellant's consent is based alone upon the admission by the minor that the evening preceding his injuries he advised his mother that he would not return home that night, for the reason that he was employed by appellee to run his gin. In Hamilton v. G., H. & S. A. Ry. Co., 54 Tex. 556, Mrs. Hamilton stated that for a period of two weeks she could from her window on a sick bed see her son working for the railway company on its cars, and also that her son told her that he was engaged by the railway company. The court charged the jury, upon the facts related, that, if Mrs. Hamilton's conduct and her knowledge of her son's occupation was such as to induce a reasonable person to believe she consented to the employment of her minor son, to so find. The Supreme Court, in holding the evidence to be insufficient to call for the charge, said after referring to the fact that she was confined to her bed, that no reasonable person knowing the facts would have been authorized to presume consent. In the instant case the testimony was at least of no greater force than in the Hamilton Case, since appellant's knowledge of her son's employment was incidental to another matter, and, before she had opportunity to evidence either an approval or disapproval of the same, her son was injured. We conclude the testimony was admissible as a circumstance tending to establish acquiescence, and thereby consent, by appellant, but was, as a sole circumstance, insufficient to raise the issue and authorize its submission.

[9] The fourth and eighth assignments complain respectively of the court's repeated use in the one case of the term "if" the minor "was" injured, and in the other of the repeated reference to the appellant's duty to establish her case by a "preponderance" of the evidence. Repeated reference to issues to be settled by the jury, when persisted in to such degree as to create the im-

pression on the minds of the jury that such issues are controlling, will constitute reversible error. Carter v. M., K. & T. Ry. Co. of Tex., 160 S. W. 987. It appears in the instant case that the court, inadvertently, we are certain, instructed the jury at 11 places in the main charge that they must believe "from a preponderance of the evidence" the facts alleged by appellant, and, in addition, repeats the instruction, as is customary, in a separate paragraph at the conclusion of his charge. We might not feel that we ought to reverse a case if the matter we are now discussing was the only error shown, but we do feel that the many references mentioned tended to emphasize the burden cast by law upon appellant, and was probably harmful.

[10] The eleventh assignment of error complains of the action of the court in instructing the jury, at the request of the appellee, that, if one Moseley, a customer of appellee present at the gin the day appellant's son was injured, told the minor that it was dangerous to place his hands in the gin stand, such warning would take the place of any duty of appellee in that respect. The charge was erroneous. As we have said at another place, it was the primary obligation of the appellee, if he knew that the appellant's son was a minor, to instruct the minor of the dangers of the task assigned him, and we think the duty to instruct by the master comprehends much more than an incidental warning by the master's customer. Such is the holding in the Brick Case, cited, the one dealing with the duty which the master owes to the minor servant.

All other assignments not considered specifically raise issues similar to those we have considered, and for that reason it is unnecessary to refer to them.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded for another trial not inconsistent with the views here expressed.