**VAN LANDERS et al. v. WEST LUMBER CO.** (No. 615.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 28, 1921. Rehearing Denied Feb. 9, 1921.)

**1. Master and servant ☞105(2)—Following custom in boxing gearing not negligence.**

A sawmill owner was not guilty of negligence in failing to house or box in a wheel gearing under a gang table, where it was the universal usage and custom among sawmill men not to box in or house such gearing.

**2. Master and servant ☞154(1)—Failure to instruct minor knowing danger not negligence.**

Sawmill owner was not guilty of negligence in failing to warn and instruct a boy 15 years of age of the dangers inherent in his work, where the boy had been working at the mill five or six months and was very intelligent, and testified with great clearness as to the arrangement and operation of the machinery and the handling of the lumber and how the wheel gearings which caused his injury were operated, and that he knew that injury would result to him if he crawled under a table where the gearings were placed.

**3. Parent and child ☞7(3)—Father held estopped by consent to urge negligent employment of minor.**

Where father knew of the employment of his son by defendant mill owner, and visited the mill frequently and saw the son at work and raised no objection to the employment, such knowledge and acquiescence constituted consent, and he is estopped to urge such employment as a ground of negligence.

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Action by one Van Landers and another against the West Lumber Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for appellants.

J. Llewellyn, of Liberty, and Huggins & Kayser, of Houston, for appellee.

WALKER, J. Appellant Van Landers was an employé of the defendant, appellee, at its sawmill, and was injured by coming in contact with one of the wheel gearings, used in operating a series of rollers on the gang table. He alleged two grounds of negligence against appellee: (1) In not housing or boxing in the wheel gears; and (2) in employing him, a minor, without warning and instructing him as to the dangers inherent in his work. His father joined him as plaintiff, and alleged further that the appellee was guilty of negligence in employing his minor son without his consent and permission. The case was tried to a jury, and the trial court instructed a verdict for appellee.

The rollers above referred to were fixed at intervals across a table, which we denominate the "gang table," and carried the lumber from the gang saws to the end of the gang table, where it was transferred by chains to the trimmer table. These rollers were operated by a series of wheel gearings, so called in plaintiff's petition, fixed at intervals on a line shaft extending from the gang saws to within 8 or 10 feet of the end of the gang table. By the side of the table and level with and

adjoining its top was an extension about 4 feet wide, running from the gang to within 8 or 10 feet of the end of the table. This line shaft ran under the edge of the table. It and all its gearings were completely covered by this table and extension, and no one could come in contact with any of the gearings without crawling under the table or the extension. The wheel gearing which injured appellant was some 10 or 12 inches from the end of the extension and on the end of the line shaft, but was completely covered by the table and extension. Under the table and extension all the wheel gearings were in the open, but in failing to house or box them in appellee conformed to the universal usage and custom of all sawmill men. No witness had ever heard of an exception to this rule. In fact, no necessity existed for housing the gearings, as in the regular discharge of their duties, none of the employés were exposed to the danger of coming in contact with them. To assist him in keeping the trimmer table free from chips, bark, and other trash that would interfere with the transfer chains, appellee furnished appellant a rake, which, when not in use, was kept on a rack under the gang table, convenient to his hand. On the morning he was injured the rake had been thrown by some one under the extension above referred to. Needing it suddenly, appellant missed it from the rack, and found it under the extension. He crawled under the extension, seized the rake, and in attempting to crawl out brought his head in contact with the last or end wheel gear, which inflicted upon him a most painful and permanent, serious injury.

[1] Appellee was not guilty of negligence in failing to house or box in the wheel gearing on the line shaft. By conforming to the universal usage and custom among sawmill men in its construction and operation of this gearing, on the facts stated by us, it was relieved of all inference of negligence, and the court correctly refused to submit such an issue to the jury. Bering Mfg. Co. v. Sedita (Tex. Civ. App.) 216 S. W. 639.

[2] Nor was negligence shown on the ground that appellee failed to warn and instruct Van Landers as to the dangers inherent in his work. This boy was past 15 years of age, and had been working at this mill five or six months at the time of his injury. He had been on his last job for several weeks. He was a very intelligent boy, and testified with great clearness to the arrangement and operation of the machinery and the handling of the lumber. He understood clearly how these wheel gearings were operated, and knew that he could not be injured by them without crawling under the table and extension where they were. He knew that injury would result to him if his head or any part of his body came in contact

with them. We do not see how any warning or instruction from appellee could have enlarged his knowledge of the dangers of his work, or give him a clearer understanding of how to avoid injury. The court did not err in refusing to submit this issue to the jury. Bering Mfg. Co. v. Sedita, supra, and cases therein cited.

[3] While the father testified that he did not consent for the appellee to employ his son, he knew of such employment from the first. His son lived with him all the time he was working for appellee. He visited the mill frequently, and saw his son at work. He raised no objection to such employment. Such knowledge and acquiescence on his part, in law, constituted consent, and he is now estopped to urge such employment as a ground of negligence. Cook v. Urban, 167 S. W. 253.

The judgment of the trial court is in all things affirmed.