### ROXANA PETROLEUM CO. v. COPE.

No. 18107.    Opinion Filed June 26, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

**1. Parent and Child—Right of Parent to Wages of Minor Child—Right not Affected by Contract by Child—Statutes.**

Section 8026, C. O. S. 1921, provides that if the father be dead, the mother is entitled to the custody, services, and earnings of her minor child. And section 8028, C. O. S. 1921, provides that the wages of a minor employed in service may be paid to him or her until the parent or guardian entitled thereto · gives the employer notice that he claims such wages. And the express provision that the parent can demand the minor's wages at any time is inconsistent with the idea that the minor can make a contract or do any act which would affect this right of the parent.

**2. Same—Sole Statutory Methods of Extinguishing Parental Rights.**

Section 8030, C. O. S. 1921, provides that a child, when abuse of parental authority is established in a court of competent jurisdiction, may be freed from the dominion of his parent; and section 8038, C. O. S. 1921, says that the parent may relinquish to the child the right of controlling him and receiving his earnings and that abandonment by the parent is presumptive evidence of such relinquishment. These two sections of the statute declare the method by which a parent is deprived of his right to the custody, control, and services of his minor child, and thereunder the child is not clothed with any power to extinguish the parent's right.

**3. Statutes—Repeals by Implication not Favored.**

Repeals by implication are not to be favored, and a valuable right flowing from the statutes of this state and also existing by common law will not be held to be abrogated ·by subsequent statutes which do not expressly nor by necessary implication destroy such previously existing rights.

**4. Same—Statutory Rights and Duties of Parent and Child not Abrogated by Implication.**

By section 8025, C. O. S. 1921, it is provided that in the absence of assistance from the father, the mother must assist to the extent of her ability in the support and education of her child; and section 8034, C. O. S. 1921, says that if the parent neglects to provide necessary articles for her child who is under her charge, a third person may in good faith supply such necessaries and recover a reasonable value thereof from the parent. These duties of the parent remain until removed in one of the ways set out in sections 8030 and 8038, supra, and until this is done, the rights and duties of the parent and child remain, and they are not destroyed by an act of the Legislature which does not by express terms, nor by the necessary implication abrogate them.

**5. Same—Parent's Right to Minor's Earnings and to Recover for Personal Injuries to Minor not Affected by Operation of Workmen's Compensation Law.**

Not by the Workmen's Compensation Law of this state, nor by authority of any other statute can a minor, without the consent of his parent, by entering the employment of one conducting a hazardous business within the meaning of the Compensation Law, thereby extinguish the parent's right to the earnings of the minor and the right to recover for injuries inflicted upon the minor through the negligence of his employer.

**6. Same—Parent's Right to Sue for Injuries to Child Resulting from Employer's Negligence not Waived.**

The right of a parent to maintain an action for injuries to her minor child resulting from the negligence of the employer of such minor may be waived by the parent consenting to the minor entering such employment, but in the absence of proof that the mother consented in this case, her right of recovery was not waived. And the fact that she assisted in the employment of counsel to represent her minor son before the State Industrial Commission, to recover his ·compensation, constituted no waiver as to her right of recovery. The employer cannot defeat the recovery of compensation by the minor employees, for the reason that the employer does not rest under any disability to contract, and was bound to the minor employee under the Compensation Law. And the mother's recovery does not cover the same field as the allowance to her son under the Compensation Law.

**7. Same—Recovery of Damages by Parent Sustained.**

Evidence examined, and found sufficient to sustain plaintiff's recovery.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by Gertrude Cope against the Rox-

ana Petroleum Company. From a judgment for the plaintiff, the defendant brings error. Affirmed.

Green & Farmer, for plaintiff in error.

J. M. Springer and Lewis W. Pratt, for defendant in error.

REID, C. The plaintiff, Gertrude Cope, brought this suit to recover damages for an injury to her 16 year old son, who received the injury, she alleged, by the negligence of the Roxana Petroleum Company, a corporation, while in its employment. The petition stated a cause of action.

The defendant pleaded contributory negligence, assumption of risk, and specially that the injury to the employee came within the purview of the Oklahoma Workmen's Compensation Law, and that said employee had filed a claim therefor, and received full compensation for his injury, and all medical and hospital bills had been paid by the defendant, and that therefore the plaintiff had no cause of action against the defendant.

Plaintiff's reply was a general denial, and she further denied that the proceedings before the Industrial Commission constituted any defense to her cause of action.

Upon a verdict of a jury the plaintiff had judgment, from which the defendant appealed. The parties will be referred to as they stood in the trial court.

The evidence showed that the plaintiff, a widow for 12 years, lived at Neosho, Mo. That in August, 1920, her son, Ernest Cope, came to Oklahoma, and that his mother understood that he was on vacation, visiting a relative. While here he got employment from the defendant, near Cleveland, Okla., and on the 28th day of September, 1920, through the negligence of the defendant he sustained an injury, which maimed and crippled his right hand and rendered it permanently almost useless.

There is no evidence showing that the mother of this boy consented to his employment, or had any knowledge of it until several days after the injury, when she learned of his accident and visited him at the hospital. And there is no allegation by the defendant that she had consented to it, or that she did any act by which she waived her right of recovery, or became estopped to claim it.

The employee filed a claim before the State Industrial Commission of this state and received compensation for his injury, and for his medical treatment, as provided for in the Workmen's Compensation Law.

Under the facts in this case, at common law, the employee could have recovered for his suffering and for his diminished ability to earn after he became an adult; and the mother being liable therefor, could have recovered for the expense of his medical treatment, and for his services during his minority. She sues for the last element of damage only.

The authority by which the mother attempts to recover in this case is referred to as a common law right. It is true that such right existed under the common law, but in section 8026, C. O. S. 1921, it is provided that if the father be dead the mother is entitled to the custody and services of her unmarried child, during his minority. This right being fixed by statute it necessarily follows that if one by his negligence or willful conduct deprives the mother of these services he must answer in damages to her. Therefore, she has a right with stronger foundation than if it rested entirely upon the common law.

Let it be remembered in beginning the consideration of this question, that the Compensation Law of this state makes no mention of minors, and it is only by implication that they can be included within any section of that law; and this seems to be admitted. And having by implication brought them within the Compensation Law and given them thereunder the rights of adults; upon this implication, as a foundation, we are then asked to hold that the act has changed, abrogated, and superseded the common law and older statutory rights of the parents. And that by building one presumption or implication upon another we should destroy the rights of parents which have existed, without question until we were here asked to apply this new and strange doctrine.

No authority is necessary to sustain the proposition that repeals by implication are not to be favored, and that to strike down a valuable right given by a statute, and also existing by common law, merely upon an inference to be drawn from a new statute, presents an unhappy manner of adjudicating those rights and holding that they no longer exist.

By section 8025, C. O. S. 1921, it is provided that in the absence of assistance from the father, that the mother must assist to the extent of her ability in the support and education of her child; and section 8034, C. O. S. 1921, contains the further provision that if a parent neglects to provide neces-

sary articles for his child who is under his charge, a third person may in good faith supply such necessaries and recover the reasonable value thereof from the parent.

The foregoing are reasonable burdens placed upon the parent for the benefit of the child, but in return therefor the law says that the parent is entitled to the services of the child during his minority. However, we are asked to hold, in effect, in this case, that the child by his conduct in entering into a hazardous occupation can destroy the **right** of the parent and leave remaining the **liability** of the parent to the child.

In the case of Sweet v. Crane et al., 39 Okla. 248, 134 Pac. 1112, a father brought suit to recover for the earnings of his minor children. The then Commissioner Harrison discussed the respective duties and rights of minors and parents in the following language:

"Section 4911, Comp. Laws 1909 (Rev. Laws 1910, Sec. 4380) reads:

" 'The parent, whether solvent or insolvent, may relinquish to the child the right of controlling him and receiving his earnings.' * * *

"Section 4912, Comp. Laws 1909 (Rev. Laws 1910, sec. 4381), reads:

" 'The wages of a minor employed in service may be paid to him or her until the parent or guardian entitled thereto gives the employer notice that he claims such wages.'

"These statutes make it very plain that the parent is entitled to the earnings of his minor children until they reach majority, unless he relinquishes to them the right to their earnings, or allows them to obtain employment and fails to demand payment for their services. They are susceptible of but one construction—their language speaks for itself. However, we are not to be understood as denying that in a proper case, the proper court may make such provisions for the care and custody and disposition of the earnings of minors as the circumstances of the case may equitably justify.

"Section 4903, Comp. Laws 1909 (Rev. Laws 1910, sec. 4372), reads:

" 'The abuse of parental authority is the subject of judicial cognizance in a civil action in the district court brought by the child, or by its relatives within the third degree or by the officers of the poor where the child . resides; and when the abuse is established, the child may be freed from the dominion of the parent, and the duty of support and education enforced.'

"From this statute the following is plainly apparent: First, that it recognizes the primary authority of the parent over the minor; second, that to remove such authority it must be by a civil action in the district court; third, that the action must be brought by the child or its relatives within the third degree, or by the officers of the poor where the child resides; fourth, there must be an abuse of parental authority which must be established."

The statutes referred to in the foregoing opinion are sections 8038, 8039, and 8030, respectively, of C. O. S. 1921. And the wholesome doctrine announced in the construction of those statutes has never been criticised, modified nor overruled.

The foregoing opinion calls attention to the fact that section 8038, supra, provides that the parent may relinquish to the child the right of controlling him and receiving his earnings, and that abandonment by the parent is presumptive evidence of such relinquishment. We are now asked to say, in effect, that this statute had been materially modified by implication of the Compensation Law, in that under it the parent has no power to say whether he will relinquish to the child the right of controlling him and receiving his earnings, **if he choose to engage in a hazardous occupation.** He may go upon the farm and work for another person, and he remains subject to his mother's control and she is entitled to his earnings; but without her consent he can engage in the hazardous occupation that his mother might not approve and she has no right to complain, but remains charged with the duty to care for him when he is injured.

Section 8031, C. O. S. 1921, provides as follows:

"The authority of a parent ceases:

"First: Upon the appointment by a court of a guardian of the person of the child.

"Second: Upon the marriage of the child; or

"Third: Upon its attaining majority."

It is now proposed to add the fourth condition, to wit:

"Upon the child engaging in a hazardous occupation."

It would seem that if the law would remain reasonable and humane, there would be greater reason for its emancipating the child when he engages in an occupation not hazardous.

The defendant cites cases from the states of Iowa, Michigan, New Jersey and Minnesota. The cases will be hereinafter dis-

cussed and distinguished, but we can accept neither of them as conclusive authority, as they construe statutes unlike ours. And if the statutes were alike, we know of no rule which requires this court to follow the construction of another state, except in a case where our statute is taken from that state, after it had been construed by the highest court of that state. In all other cases the decision may be persuasive, but not at all conclusive, and more especially so in the construction of new legislation.

In the case of Silurian Oil Co. v. White, 252 S. W. 569, the Court of Civil Appeals of the Seventh District of Texas had under consideration the identical question presented in this case. The minor son was injured while in the employ and by the negligence of the oil company. He received compensation under the Workmen's Compensation Act of that state, and the defendant made the same defenses as are here presented, in a suit brought by the father of the minor to recover for his services.

In view of the fact that that case reviews some of the foregoing decisions cited by the defendant, and the Massachusetts case relied on by the plaintiff in this action, and though it will prolong this opinion, we believe liberal quotation therefrom is justified.

The court said:

"(1) These propositions present a question which, so far as we are able to find, has not heretofore been decided in this state. Appellee relies mainly upon the case of King v. Viscoloid Co., 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916 D, 1170, and the cases which follow it. The Massachusetts statute (St. 1911, c. 751), like the Texas act, relating to the question of workmen's compensation, contains no express provision depriving the parent of an injured minor of his common-law right of action, and the court held in the King Case that an existing common-law right of action is not taken away by a statute save by direct enactment or necessary implication, and that laws depriving a citizen of rights possessed by them should be strictly construed. This rule is recognized in this state. Luder's Adm'r v. State (Tex. Civ. App.) 152 S. W. 220; Kampmann v. Cross (Tex. Civ. App.) 194 S. W. 437; Poe v. Continental Gin Co. (Tex. Com. App.) 231 S. W. 717.

"(2) It is a fundamental principle of the common law that a father has an independent right of action to recover for damages occasioned by injury to his minor child. 29 Cyc. 1697; T. & P. Ry. Co. v. Brick, 83 Tex. 526, 18 S. W. 947, 29 Am. St. Rep. 675; Cook v. Urban (Tex. Civ. App.) 167 S. W.

251. It is said in the King Case that the courts in construing such statutes, could not read into them matters not touched upon by the Legislature, and that, since under the common law both the parents and the minor child have independent rights of action for the injury in such cases, the minor cannot, by waiving his common-law right under the provisions of the Massachusetts act (St. 1911 c. 751) pt. 1, sec. 5, which, upon inspection we find is similar to article 5246-4 of the Texas act, also waive the right of the parent. The Massachusetts court further holds that that section of the Massachusetts act (part 2, sec. 5) which by comparison we find corresponds to V. C. S. art. 5246-9, providing that the association shall pay part of the medical expenses, etc., does not, where there is no element of estoppel abrogate the parent's common-law right of action. Appellant cites a number of cases which hold contrary to the rule announced in the King Case. In Buonfiglio v. Neumann & Co., 93 N. J. Law, 174, 107 Atl. 285, the father sued under the original Workmen's Compensation Act of New Jersey (O. L. 1911 p. 134) to recover on account of negligent injury inflicted upon his minor son. No notice was given that the provisions of the act would not apply to the employment, and because of this fact acceptance of the act's provisions was, under the statute, presumed. The following quotation from the opinion of the court in this case discloses that the father was denied the right to recover by express provisions of the act, and the court says that this distinguishes the case from the King Case:

" 'There was no express statement in writing or written notice that the provisions of section 2 of the Workmen's Compensation Act (Act April 4, 1911; P. L. p. 134) were not intended to apply, and pursuant to section 8 the parties are presumed to have accepted the provisions of section 2, and to have agreed to be bound thereby. That the father was one of the parties so bound in the present case is shown by the fact that he received his son's wages. The question raised is whether the Workmen's Compensation Act furnishes the sole rule of compensation or whether the father has the same right of action he would have had at common-law. The question turns on the provisions of the statute. Section 8 enacts that the "agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in section 2 of this act." This express language settles the question adversely to the plaintiff.'

"Under the same statute, in Gregutis v. Waclark, 86, N. J. Law, 610, 92 Atl. 354, the New Jersey Court of Errors and Appeals held that an administratrix could not re-

cover and that it repealed the New Jersey Death Act (2 Comp. St. 1910 p. 1907), which gave the representatives of the decedent the right to recover. The Supreme Court of Iowa, in Hilsinger v. Zimmerman Steel Co., 193 Iowa, 708, 187 N. W. 493, held that, by certain sections of the statutes of that state the father, as the next of kin was expressly precluded from maintaining a separate suit. Reference to the conclusions quoted in the opinion shows that in this particular the act differs materially from either the Massachusetts or Texas acts."

Section 3471 of the Iowa Code, referred to in the Iowa case, was in effect many years prior to the passage of the Workmen's Compensation Act of that state, and provided that the parent might maintain an action for the expense and loss of services resulting from the injury or death of a minor child.

Let us quote from that case:

"Section 2477-m 2 (a) of the Compensation Act of that state is as follows:

" 'The rights and remedies provided in this act for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury; and all 'employees affected by this act shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions and provisions of this act until notice in writing shall have been served upon his employer, and also on the Iowa Industrial Commissioner with return thereon by affidavit showing the date upon which notice was served upon the employer.' "

It is, therefore, obvious that the right of the parent under section 3471 was abrogated by express terms in the Iowa Compensation Act, which left nothing for inference or implication.

The Texas case, in further discussing the Massachusetts case, said:

"In the King Case, supra, the Massachusetts court, in passing upon the right of the parent to his action, said:

" 'The Legislature simply has not covered the case. * * * If they had chosen not to leave the parent's right of action unaffected, they might have taken it away altogether; they might have made some stated division of the allowed compensation between the minor employee and his parent. They might have provided (like the Rhode Island Legislature) that the election between the statutory remedy and that given by the common

law should be made by the parent of a minor employee which should bind both parent and child. How can the court say which if either of these courses would have been adopted by the Legislature? It seems plain that neither one of them can be held to have been manifestly intended by the language of the act. But we have no right to conjecture what the Legislature would have enacted if they had foreseen the occurrence of a case like this; much less can we read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose. See Hull v. Hull, 2 Strob Eq. (S. C.) 174; Kunkalman v. Gibson, 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; U. S. v. Starn (D. C.) 17 Fed. 435'."

The Texas case has this further to say:

"In Wall v. Studebaker Corporation, 219 Mich. 434, 189 N. W. 58, the Supreme Court of Michigan, considering the same question, held that, since the act of that state (Pub. Laws Ex. Sess. 1912, No. 10, pt. 1, sec. 7) gave the infant the right of an adult to contract for employment, it abrogated the parents' right to an action for the loss of an injured minor's services, and says further that its view of the act is strengthened by the language of section 4, pt. 1, which reads as follows:

" 'Any employer who has elected, with the approval of the Industrial Accident Board, hereinafter created, to pay compensation as hereinafter provided, shall not, * * * be subject to any other liability whatsoever, save as herein provided for the death of or personal injury to any employee, for which death or injury compensation is recoverable under this act, except as to employees who have elected in the manner hereinafter provided not to be subject to the provisions of this act.'

"The court also makes this further quotation from the title of the act as manifesting the intention of the Legislature to abrogate the parents' right of action: 'An act * * * relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the accidental injury to or death of employees, * * * and restricting the right to compensation or damages in such case to such as are provided by this act.'

"This question has been discussed in several cases, a few only of which we will undertake to review, but which uniformly hold that, unless the parent's independent right of action as it exists under the common law, to recover for the services and earnings of a minor child, injured through the negligence of another, are either expressly or by necessary implication abrogated by the enactment of the Workmen's Compensation

Act, the parent is not barred. See Adkins v. Hope Co., 81 W. Va. 449, 94 S. E. 506."

We have examined the case of Adkins v. Hope Co., 81 W. Va., 449, 94 S. E. 506, and find that the West Virginia Act provided that the employer might elect to come under the Workmen's Compensation Act, and give notice thereof by posting notices in conspicuous places about his place of business to that effect; and when these notices were posted they should constitute notice to the employee and to the parent of any minor employees, of the fact that he had made such election.

And section 22 of the act further provides:

"The continuation in the service of such employer with such notice shall be deemed a waiver by the employee and by the parents of any minor employee of the right of action as aforesaid which the employee or his or her parents would otherwise have."

It needs no discussion to show that the parent is expressly deprived of his common law right by that act.

After further discussion, the Texas case holds in line with the Massachusetts case, that though the employee accept compensation thereunder, the Compensation Act did not cover the case there considered, and sustained the father's recovery.

The Texas case does not discuss the Minnesota case of Novack v. Montgomery Ward & Co., 198 N. W. 294, which is relied upon by the defendant.

From an examination of that opinion we find that part 2 of the Minnesota Act gave to the employee the right to elect whether, in case of injury, he would seek compensation by a court action, or ask for relief under the Compensation Act. And section 13, chapter 82, of the act reads as follows:

"Minors who are permitted to work by the laws of this state shall, for the purpose of part 2 of this act, have the same power to contract, make election of remedy, make settlements, and receive compensation as adult employees; subject, however, to the power of the Industrial Commission, in its discretion at any time to require the appointment of a guardian to make such settlement and to receive moneys thereunder or under an award."

And section 10 of the act provides, in substance, that the agreement or election provided for should be a surrender by the parties thereto of any right to any other method, form, or amount of compensation or de-termination thereof than as provided for in part 2 of the act.

There is nothing in our act which expressly gives to a minor the rights given to the minor by section 22. And upon this section, giving to the minor the power to contract and make election of remedy, make settlement and receive compensation as an adult, the court held that he was clothed with all the power of an adult, and the minor having elected to accept damages under the Compensation Act, his parent was not entitled to recover for his injury. But the court made this observation:

"If the parent desires to retain the common-law remedies, he may cause an election to be made by the employee not to be bound by part 2 (section 11)."

And the court further said:

"We are not unmindful that the Supreme Court of Massachusetts has under the compensation statute of that state arrived at a result different than we have. King v. Viscoloid Co., 219 Mass. 421, 106 N. E. 988, Ann. Cas. 1916 D, 1170. The Massachusetts act does not contain the substance of section 10 and section 13 of our statute, and we think this distinction may wholly account for the diversity of opinion between that court and this."

From the foregoing it will be observed that the Minnesota case is based upon a statute entirely different from ours, and cannot be accepted as authority, but that the Texas and Massachusetts cases, being more nearly in point, as applied to all our law, must be regarded as better authority.

The defendant calls our attention to section 7286, C. O. S. 1921, which provides:

"The liability prescribed in the last preceding section shall be exclusive," etc.

When you carefully examine the last preceding section, you find that it applies only to employees, and that by no construction or implication does it include within its terms any other person, and has no reference to the common-law and statutory rights of the parents.

The defendant refers to section 7339, C. O. S. 1921, which is as follows:

"The right of action to recover damages for personal injuries not resulting in death arising and occurring in hazardous employments as herein defined except the right of action reserved to an injured employee or his dependents or other legal representatives in section 2 of article 2 and section 10 of article 5 of this act, is hereby abrogated and all jurisdiction of the courts of this

state over such causes, except as to the cause reserved to such injured employees or their dependents or other legal representatives in sec. 2 of art. 2 and sec. 10 of art. 5 of this act is hereby abolished."

The exception provided for in the foregoing section, 7286, supra, is the right of the employee, and in case of his death, his legal representative, to maintain a court action to recover damages where the employer has failed to carry insurance; and section 7337, C. O. S. 1921, which is as follows:

"This act shall not affect any action pending or cause of action existing or which has or may hereafter accrue to the dependents or other legal representatives of an injured employee in case death results from the injury after he has been awarded compensation under the provisions of this act; provided, that for any injury for which compensation is not provided under the provisions of this act, the injured party shall have the right of action in the courts for his damage on account of such injury."

A careful examination of the foregoing sections of our act in connection with the entire Compensation Law leads to the irresistible conclusion that it was intended to provide only for the individual and personal rights of the injured employee, and does not attempt either by words or in spirit to go any further. And that the common-law rights of the parents, which theretofore existed, were not taken away by implication.

We are mindful of the recent decision of this court written by Commissioner Bennett, and as a member of Division Number 2, in the case of United States Fidelity Co. v. Cruce, 129 Okla. 60, 263 Pac. 462; that case holding, in effect, that under the Workmen's Compensation Law of this state, an 18 year old minor becomes an employee within the meaning of the act, when he engages in a hazardous employment, and that he can recover his compensation in a proceeding brought in his own name before the Industrial Commission, for an injury coming within .the act.

This opinion appears to be based on sections 4977 and 4978, C. O. S. 1921, which cannot have any relation to the question here considered, as they provide that the minor may make certain contracts subject to disaffirmance. But these statutes relate to the personal rights of. the minor, and it is nowhere intimated that he can contract away 'the rights of his parents, or that he can emancipate himself by an agreement made between him and his employer conducting a hazardous business. If, under

these statutes, the minor has the right to contract away the parent's right to his services, then we reply that he has always had these rights in this state before the passage of the Compensation Law, but nobody seems to have heretofore discovered it. And section 4980, C. O. S. 1921, to which the case further refers, cannot affect the question here presented, for the reason that the minor had no express or direct statutory authority to extinguish the right of his mother, by any contract he might attempt to make. And it is to be observed that our act, like the Texas and Massachusetts acts, does not expressly give the minor the right to contract for employment without the parent's consent.

It is next contended that the Compensation Law of this state covers the entire field of liability of the employer, and that by implication no right is reserved to any person other than the employee, on account of injuries received by him. It is true, we think, that it does this in so far as the employee has the power to contract, but there is nothing in the act which authorizes a minor to contract away the right of another, which right is fixed by plain statutes.

In line with the Massachusetts and Texas cases, we have reached the conclusion that the Legislature has not covered this case: and that this court ought not, under the guise of interpreting statutes, extend them by implication and take away a right which has long existed.

There is no evidence in this case to show that the mother consented to the employment of her son, and the fact that she engaged counsel to represent the son before the Industrial Commission, which secured for him a substantial addition to his original allowance, was not a waiver by her of her right to maintain this action for herself. The rights of the mother and son are separate.

That a 16 year old boy, without the consent or knowledge of his widowed mother, can contract with another party to engage in a hazardous employment, and through the negligence of this employer, receive injuries, though probably not doing so in this case, which might render him a charge upon his mother with all the obligations to support, educate, and maintain him, and the mother then find that the ancient rights vouchsafed to her by the plain statutory laws of her state have been extinguished by the conduct or contract of her child, is a doctrine to which this court cannot assent.

If the people of this state desire that the doctrine here announced shall not be the law, then let them so say by plain statutes enacted by their Legislature; and if this is done, it is fair to presume that at the same time the Legislature will relieve the parent of corresponding duties and responsibilities now owing by them to their children under the statutes of this state.

We have examined the other proposition made by the defendant, which is, in effect, that the evidence does not sustain the verdict. And after examining the evidence and the charges submitted thereon, in connection with plaintiff's petition, we have found no error, and have concluded that the case should be affirmed.

By the Court: It is so ordered.